### WILL GENTRY v. THE STATE.

No. 1973. Decided February 14, 1900.

Motion for Rehearing Decided March 23, 1900.

**1. Continuance.**

An application for continuance is properly refused where the absent testimony is wholly immaterial when considered in the light of defendant's own admissions.

**2. Circumstantial Evidence—Charge.**

On a trial for horse-theft, where defendant was in possession of the animal and admitted that he had branded it, the case was not one of circumstantial evidence, and the court was not required to charge that phase of the law. (But see infra, paragraph 5.)

**3. Charge—Sufficiency of.**

Where the court sufficiently charges upon a certain phase of the law it is unnecessary to repeat the same charge in a different form.

**4. Horse-Theft—Indictment—Ownership.**

On a trial for horse-theft the ownership of the animal was properly alleged in a father who was blind, where it was shown that his son simply managed the horse, under the direction, management, and control of the father.

ON MOTION FOR REHEARING.

**5. Horse-Theft—Defendant's Admission—Circumstantial Evidence—Charge.**

On a trial for horse-theft, where it was proven that defendant admitted that he branded the animal but there was no evidence as to the manner or means by which defendant obtained possession, whether it was legal or illegal, the case was a case of circumstantial evidence and the court should have given a charge upon that phase of the law.

41st Crim. Rep.—32

Appeal from the District Court of Floyd. Tried below before Hon. L. I. Newton.

Appeal from a conviction of horse-theft; penalty, five years imprisonment in the penitentiary.

The indictment charged appellant with the theft of one horse, the property of John Callahan.

The case is sufficiently stated in the two opinions of the court.

*Joe E. Rosson, J. W. Pruitt,* and *Hurt & Stine,* for appellant.

*Matlock, Cowan & Burney* and *Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of horse-theft, and his punishment assessed at confinement in the penitentiary for a term of five years.

He made a motion for continuance on account of the absence of the witnesses Berry and Burrus. It is not necessary to discuss Burrus' testimony further than to state that he proposed to prove by Burrus that he (Burrus) was branding horses in the brand found upon the stolen animal, and had branded an animal of like description to the one charged to have been stolen; but defendant himself admitted branding the animal in question. By Berry he expected to prove that he (Berry) was the owner of the B̄ brand; and that defendant was only the agent of Berry. As before stated appellant admitted branding the animal in question, and whether or not he branded it for Berry would be immaterial, in view of the fact that he admitted branding the same. Berry was not in the country at the time, and had not been for some time. If defendant branded the animal, as he stated, the evidence that Berry owned the brand would make no difference. If he, as the agent of Berry, branded this animal, knowing at the time it did not belong either to himself or Berry, it would make no difference whether Berry owned that particular brand or appellant. As the hired hand or employe of Berry, he had no right to steal another man's horse for his employer, and would be equally guilty. A hired hand might be excusable for doing certain acts, if he did so in good faith, believing he had a right to do the act for his employer; but he could not justify or excuse himself if he took the property fraudulently, knowing it was not his employer's. The application was properly refused.

This is not a case of circumstantial evidence. The court did not, therefore, err in failing to charge upon this phase of the law. Defendant admitted branding the animal. This, in connection with appellant's possession, constitutes taking.

Nor was it error for the court to refuse to charge the jury that they must believe appellant participated in the original taking. The court sufficiently charged this phase of the law, and it is unnecessary to re-

peat the charge in a different ' form. Besides, appellant admitted branding the animal, and his defense was: First, that of mistake; and second, that it was the colt which, on two different occasions, he stated was the colt of two different mares in Berry's brand.

The indictment charged possession of the property in John Callahan, Sr. The alleged owner testified he was blind, and could not attend to his stock; but his sons attended to them for him. John Callahan, Jr., testified he was living with his father, and looked after the stock for him. Now, it is contended, under this state of facts, that the court should have charged the jury, if the property was in the actual care, control, and management of John Callahan, Jr., the jury should acquit. Where the property is owned by one person, but in the actual care, control, and management of another person, ownership could be alleged in the real owner and the possession in the special owner. But it is equally true that the possession and ownership could both have been charged in the special owner. Bailey v. State, 18 Texas Crim. App., 426; Frazier v. State, Id., 434. But that law does not apply here. John Callahan, Jr., was living with his father, and was part of his family, and did not occupy the relation of special owner, but simply controlled the horses of John Callahan, Sr., under the immediate direction of his father. Where that is the case, the ownership, care, control, and management is in the father, and the child or servant simply manages under the direction of the real owner. The evidence does not show the actual control and management of the property in the son as against or to the exclusion of his father, but he was under his (the father's) direction, control, and management. It is never necessary for the State to prove the want of consent, except of the party in whom ownership is alleged. If, in fact, defendant had the consent of a third party to take the property, this was a defensive matter. This question has been so thoroughly settled in this State that we deem it unnecessary to cite authorities.

The court definitely and fully submitted the issue of honest mistake on the part of defendant in taking the animal, and the title in Berry, and told the jury in either event they should acquit. Appellant asked a special charge presenting the same matters, which was refused, and properly. It had been fully given in the main charge, as stated. We think the evidence justified the conviction, and the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

#### (March 23, 1900.)

DAVIDSON, PRESIDING JUDGE.—The judgment herein was affirmed at a former day of this term. On motion for rehearing our attention has been again called to the facts, and to the alleged error in affirming the judgment, holding the case to be one based on positive testimony,

and that the court erred in refusing to charge the law of circumstantial evidence. Upon a review of the testimony, we are of opinion the point is well taken. The former opinion was predicated upon the idea that the statement of defendant admitting the branding carried with it the idea that the branding and taking were contemporaneous acts; that is, that the branding immediately followed the taking; and that, in admitting the branding, his statement carried with it a confession of the taking. But a review of the testimony does not justify this conclusion. John Callahan, Jr., testified for the State that he was looking after the animal in question for his father, and missed it about the middle of July, and shortly thereafter he found the colt running upon its accustomed range, branded $\overline{B}$. While he and Shirley were driving some horses,—this colt among the number,—appellant and George Fauver overtook them and made inquiry as to the horses they were driving. The colt in question became the matter of discussion, and was claimed by defendant. Callahan claimed it was the property of his father, and as being the colt of a certain black mare. Defendant said it was his, and was the colt of a brown mare with a white hind foot. Fauver testified for defendant as follows: "I heard defendant say that he branded the colt in his brand; that it belonged to a gray mare of his. This was when we were at the bunch of horses that was being driven by John Callahan and Shirley." To make the case one of positive evidence, the State had to rely upon this statement of defendant that he branded the colt. This was a case of theft, and the branding was used as a criminative fact to connect appellant with the taking. It is necessarily true that the brand could not be placed upon the animal until it had been reduced to possession. It is a matter of inference from the statement made by defendant as to the branding as to when, how, or where the animal was reduced to possession, and how long it had been in defendant's possession before placing the brand upon it. The law applicable to the facts, as we understand, would be the same as in a case where the State relied upon possession of recently stolen property. The facts may, under such circumstances, place it in such close relation to the taking as to relieve the court of the necessity of charging upon circumstantial evidence; but, unless the evidence is so cogent as to place this beyond question, the charge on circumstantial evidence should be given. Here we can only deduce the taking from the statement of defendant that he did brand the colt. The statement does not show or disclose the manner or means by which defendant obtained possession, whether it was legal or illegal. So we believe the original opinion in this respect is erroneous. The court should have given the charge on circumstantial evidence, one being requested, refused, and bill of exceptions reserved to such refusal. Because of this error the motion for rehearing is granted, the judgment reversed and the cause remanded.

*Reversed and remanded.*