Ex parte Forest Pittman, by A. B. Pittman, v. W. B. and Frances Byars, Respondents.

Decided January 16, 1907.

**Minor—Custody and Control—Habeas Corpus.**

   On habeas corpus brought by a father to obtain the custody and control of a minor in charge of grandparents, the interest of the child is the paramount consideration, and a general allegation of relator's unfitness for its custody, in the answer of respondents, is sufficient to admit testimony and form the basis of a decree.

Appeal in habeas corpus proceedings from Bastrop County to determine the right to custody of a minor. Tried below before Hon. Ed. R. Sinks, District Judge, in chambers, in vacation.

An application for writ of error in this case was dismissed for want of jurisdiction, the Supreme Court holding, in a written opinion, that the ruling of the judge in chambers was not a judgment of the District Court, and writ of error did not lie. (100 Texas, 518.)

*G. W. Webb*, for appellant.—Proof should be clear and unquestionable to sustain such contention as against that of the father to the contrary—the burden of proof being upon the party setting up such grounds. State ex rel. Woods v. Deaton, 93 Texas, 247; Watts v. Lively, 60 S. W. Rep., 676; Sancho v. Martin, 64 S. W. Rep., 1015; Casanover v. Massengale, 54 S. W. Rep., 317.

*Fowler & Fowler* and *Miles H. Hill*, for appellees.—The answers of respondents, in the absence of demurrers and exceptions, sufficiently show legal grounds for awarding the custody of the child, Forest Pittman, to his grandparents, the appellees. State ex rel. Wood v. Deaton, 93 Texas, 247.

EIDSON, Associate Justice.—This was a suit brought by the appellant by a writ of habeas corpus for the custody of Forest Pittman, his minor child, against appellees, the grandparents of said child, and in whose custody it was at that time.

Upon a trial of the case by the district judge in vacation, he gave judgment denying the application of appellant and remanded the child to the custody of appellees.

Without repeating or discussing in detail the testimony embraced in the record, we are of opinion that it was sufficient to justify the finding of the court below that appellant was both an unsuitable person to have the custody of the child, and that he was unable to properly maintain and educate it. The interest of the child is the paramount consideration in determining who is best entitled to its custody. (Legate v. Legate, 87 Texas, 248; State v. Deaton, 93 Texas, 243; Plahn v. Dribred, 36 Texas Civ. App., 600.) The court below concluded, after hearing all the evidence submitted by both parties, that the interest of the child would be best subserved by its remaining in the custody of appellees, its grandparents, and in this there was no error.

The answer of appellees was a sufficient pleading for the introduction of evidence in support thereof, and was a proper basis for the court's decree, especially in this character of cases. (Corrie v. Corrie, 4 N. W. Rep., 213; Richards v. Collins, 17 Atl., 831.)

We have considered all of appellant's assignments of errors, and do not think any of them are well taken. The judgment of the court below is affirmed.

*Affirmed.*

Application for writ of error dismissed for want of jurisdiction.