DAVE WEAVER v. THE STATE.

No. 7938. Decided January 2, 1924.

1.—Manufacturing Intoxicating Liquor—Circumstantial Evidence—Requested Charge.

Where upon trial of unlawfully manufacturing intoxicating liquor the identity of the defendant was not conceded and dependent upon circumstantial evidence the Court should have instructed thereon and given the requested charge. Following Smiley v. State, 87 Tex. Crim. Rep., 259.

Appeal from the District Court of Denton. Tried below before the Honorable C. R. Pearman.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty one year imprisonment in the penitentiary.

*Robert H. Hopkins,* and *Mays & Mays,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

In a part of the country covered with timber and brush and near a creek, two stills were discovered in operation by officers who were searching for them. Johnson and Rodgers, two men, were at the

96 T. C.—18.

still. Dutch Weaver was near it. These three were arrested at the time. Appellant's arrest took place some days later. At a point some seventy-five yards from where the still was found, one of the officers, who became separated from the others, observed the appellant, Dave Weaver, Dutch Weaver, Johnson, Rodgers, and some women, apparently eating dinner in the woods. This occurred a short time before the still was discovered by the other officers, but the still was not observable from the place where the parties mentioned were seen. This witness said that some one was cutting wood, and that Dave Weaver and Rodgers were carrying in wood; that there was smoke around the people; that the appellant came out twice carrying in wood, and that in conversation with one of the others present, the appellant, according to the State's witness, said: "I am going to make whisky." One of the officers who captured the still testified that a man fled from the scene. This officer had never seen the appellant before, and from his testimony we quote:

"I saw another party there that day. * * * That was a man I saw running away from there. I saw the defendant, Dave Weaver, a few days after that when he was arrested. * * * I tried to stop that man by shooting over his head. The brush fell on him. I did not shoot at him and he did not stop. * * * I could not say how the man was dressed that ran away. I am not positive only from his shoulders up. I don't remember what kind of a hat he had on. He was sideways to me. * * * There was a little scrubby brush between me and him when I first saw him. It hid the lower part of his body. I am not positive the kind of shirt he had on. It was either a blue shirt or grayish blue, it wasn't a dark shirt. He did not have on any coat. I don't think he did. I am not positive about it. * * * I guess he ran twenty-five feet before he was entirely hidden from my view. I never did see the lower part of his body. * * * I took particular notice that the man was not very tall, and the brush was not very tall. * * * I saw Dave Weaver a few days after he was arrested, and, in my opinion, he is the man who ran away."

This statement is one which, with the other facts in evidence, might support the inference that the appellant was the man who fled. It is, however, to be classified as circumstantial rather than direct evidence of that fact.

It will be noted that none of the witnesses saw the appellant at the still. His proximity to it, the company he was in and the remarks imputed to him are circumstances tending to connect him with the offense. His flight, if in fact he fled, would give much strength to the inference of guilt, and it may be possible, conceding his identity as the fleeing man, that the case would be one of direct evidence. However, his identity as the man who fled is not conceded. The only witness who throws light upon the subject had no acquaintance with

the appellant, saw him but momentarily as he dashed through the shrubbery, saw but a part of his person, and so incomplete was his view that the witness was unable to give any definite description of the person who fled or of any peculiarity in his apparel or movements which would furnish definite indentification.

An exception was taken to the failure of the court to charge on the law of circumstantial evidence and to the refusal to give a requested charge on that subject. The record is one in which it is believed the court was not warranted in refusing to instruct the jury upon the law of circumstantial evidence. The case of Smiley v. State, 87 Texas Crim. Rep., 259 is referred to as somewhat analogous.

The other bills reveal no error.

A reversal of the judgment is ordered.

*Reversed and remanded.*