## BROWDER GOOSBY V. THE STATE.

No. 10652.     Delivered February 9, 1927.

**1.—Theft of Hog—Statement of Accused—After Arrest—Held Admissible.**

Where the appellant, after his arrest, made a statement to the sheriff that he had killed the hog of witness Farris and had hidden the meat and buried the entrails of the hog, and this statement resulted in the discovery of the meat and entrails, the statement was properly admitted. See Art. 727, C. C. P., 1925.

**2.—Same—Evidence—Search Warrant—Not Necessary.**

Where appellant volunteered to go with the sheriff, to his home, and pointed out where the meat of the stolen hog was concealed, a search warrant to enter the house was not necessary.

**3.—Same—Bill of Exception—Incomplete—No Error Presented.**

Where a bill of exception complains of the admission in evidence of a

confession of appellant, upon various grounds, and there is no certificate that facts existed, forming a basis for the objections, no error is presented. See Sec. 209, Branch's Ann. P. C., for collation of authorities.

Appeal from the District Court of San Jacinto County. Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction for theft of a hog, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for theft of a hog, the punishment being two years in the penitentiary.

Jack Farris is alleged to have been the owner of the hog. The proof shows that this hog, with others belonging to Farris, was running in and around the owner's premises and also ranging around and near the place where appellant lived. About the 6th day of February, 1925, Farris missed one of his hogs. A few days later appellant had a conversation with Farris and his wife in which he denied having killed the hog but said "as he was accused of it he would rather pay for it." The sheriff went to appellant's house and arrested him. After getting about two hundred yards from the house appellant said he had killed the hog, and told the officer where the entrails were buried, where the meat was, and said it belonged to Farris and requested the sheriff to turn it over to the owner. They then went back to the house and appellant pointed out a place near the corner of the garden where he said he had burned the entrails. The sheriff testified that the place indicated that dogs or other animals had been digging; that there were no entrails in the hole at the time he examined, but the place "stunk" and flies were about it; that he found the meat in the house where appellant said it was. Appellant did not testify himself, and offered no evidence in his behalf.

We find no merit in bill of exception No. 1, which complains at the reception in evidence of the sheriff's testimony as to what appellant told him about killing the hog and having buried the entrails and the location of the meat in the house, the objection being that appellant was under arrest at the time and the confession was not reduced to writing, etc. The meat was found as a result of the statement made by appellant, and the indications were that the entrails had been buried at the place pointed out by appellant. The meat having been discovered as a result

of the statement, proof of the statement became admissible under Art. 727, C. C. P. (1925) in the absence of formalities required in other instances. It might be stated in connection with the discussion of this bill that a witness testified to having seen appellant bury what she took to be the entrails of a hog at the very point described and pointed out by him to the sheriff.

Objection was also made to the testimony of the sheriff on the ground that he had no search warrant at the time he went into the house and found the meat. Explanation to the bill shows that after appellant made the statement discussed in the preceding paragraph they returned to the house and appellant pointed out where the meat was in the house and designated the place where the entrails had been buried. The facts did not raise the question of search without a warrant.

The state introduced the written confession of appellant in which he admitted the theft. Objection was interposed upon various grounds. These appear in the bill complaining of this matter as grounds of objecting only. There is no certificate that facts existed forming a basis for the objections. It has been held many times that this character of bill is insufficient. (See Sec. 209, Branch's Ann. Tex. P. C., for collation of authorities.)

Finding no error in the record the judgment is affirmed.

*Affirmed.*