## GUY RICHARDSON V. THE STATE.

No. 10775.  Delivered May 11, 1927.

Rehearing denied October 19, 1927.

1.—Manufacturing Intoxicating Liquor—Charge of Court—On Circumstantial Evidence—Properly Refused.

Where officers entered a house, where appellant and another person had previously been seen to enter, and found a full and complete still in operation, including mash, etc., and appellant was seen to jump out of a window of the house as the officers entered, this evidence, under the rule of juxtaposition amounts to direct evidence, and a charge on circumstantial evidence was not required.

2.—Same—Bill of Exception—Incomplete.

Where a bill of exception complains of a statement made by a witness to another person about "those boys" making whiskey, and the bill does not explain who was meant by "those boys," we are unable to say whether the statement was erroneously admitted, or not.

3.—Same—Evidence—Of Tracks—Properly Admitted.

It having been shown that appellant and another person was seen to jump out of a window of the house where the still was found by the sheriff, there was no error in permitting the sheriff to testify that he found tracks of two parties leading from this window.  The testimony was material and competent.

4.—Same—Accomplice as Witness—Properly Submitted to the Jury.

The rule is well settled that when there is an issue as to whether or not a witness is an accomplice, it is proper to submit this issue in an appropriate instruction for the determination of the jury.  The trial court in this case properly submitted the issue and correctly refused to instruct the jury that the witness was an accomplice.  See Branch's P. C., Sec. 712.

ON REHEARING.

5.—Same—No Error Discovered.

On a careful reconsideration of the record on rehearing we cannot agree with appellant's contention that the court should have charged on circumstantial evidence, and believing that this issue was properly decided in our original opinion, his motion for rehearing is overruled.

Appeal from the District Court of Nacogdoches County.  Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Seale & Denman* of Nacogdoches, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor, punishment one year in the penitentiary.

An old house stood in a field belonging to one Garrison. Appellant had no right of occupance or control over said house. Mr. Mayfield had charge of Mr. Garrison's place. Appellant and G. C. Ross met Mayfield one day and told him they were going to make corn whiskey in that house. In some way the sheriff got wind of the matter, and about the 10th of December, 1926, in company with two other men, went to said house. He approached the house from the north. When near the door he fired a couple of shots with a shotgun into the door. He then went into the house and found no one in same. A still in the house was running in full blast manufacturing whiskey. Bottles, mash, a fully equipped still with a fire under it, charcoal, wood, a cooling barrel and about eight barrels of mash were in the house. At a south window the sheriff observed tracks of two different people. The officers said that the parties had jumped out of the window. The tracks were large tracks. Jim Powdrill testified that on the morning of the raid he saw appellant and Ross go to the old house in question. They remained until the sheriff approached the house. He saw appellant and Ross jump out of the window. He said they went out of the window when the gun fired, and ran away. In this condition of the record we are not inclined to attach much importance to appellant's complaint at the refusal of the trial court to submit the case upon the law of circumstantial evidence. While no witness actually saw appellant put the mash in the still, or light the fire under it, or take the whiskey from under the worm, still when witnesses testify that one is seen to go into a room and remain several hours and then, at the approach of another party, comes out of said room, and the other party entering finds whiskey in process of manufacture, this is certainly such a complete exemplification of the rule of juxtaposition as to amount to direct evidence.

In his brief appellant complains that Mr. Mayfield was permitted to testify that he made a statement to Mr. Garrison about "those boys making whiskey." The court qualified the bill by setting out in question and answer form what the record shows

in regard to this testimony. It appears that witness Mayfield was asked the question: "Did you make any statement to Mr. Frank Garrison about those boys making whiskey?" to which the witness answered "Yes, sir." It appears from the qualification that the only objection made to this was that it was "not in their presence." Witness was asked to relate what he told to Mr. Garrison, and the court sustained an objection to this. So the matter was not gone into. There is nothing in the bill of exceptions except the merest inference to show who were meant by the expression "those boys." We cannot supply by inference something which is necessary to give vitality to an objection. We have no means of knowing from the bill what was said in the conversation because the court sustained the objection to it.

We find nothing in appellant's objection to the testimony of the officer as to the tracks. The sheriff did not attempt to say the tracks were those of appellant and Ross, or that they resembled the tracks of appellant and Ross. He merely testified to seeing tracks which indicated that the makers thereof had jumped out of the window. In view of the testimony of Powdrill that he saw appellant and Ross come out of the window, the testimony seemed material, and we deem it competent.

Appellant has a bill of exceptions to the refusal of the court to instruct the jury, in so many words, that the witness Young was an accomplice. Young was introduced as a witness on behalf of appellant, but on cross-examination the state elicited from him the fact that on the day before the raid in question he carried a quantity of sugar and meal to said old house at the request of appellant and Ross. We would have much doubt as to the proposition that this made Young an accomplice to the manufacture of whiskey taking place the day after the meal and sugar were carried to the house. The officers found a still in operation, mash boiling and liquor running out at the worm. The fact that Young carried sugar and meal to the house the day before this discovery by the officers would make it altogether improbable that the meal and sugar so carried by Young had been converted into mash and were being manufactured into whiskey at the time the officers discovered the still. Many decisions are cited by Mr. Branch in Sec. 712 of his Ann. P. C. holding it proper to submit to the jury the question as to whether a given witness is an accomplice, when that issue is at all in doubt. This course was followed by the learned trial

judge.   We deem his submission of the issue to the jury proper under the facts of this case.

Being unable to agree with the contentions made by appellant, and finding no error in the record, the judgment is affirmed.

*Affirmed.*

Morrow, P. J., not sitting.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant's motion for rehearing seems to be based on the assumption that our original opinion is in conflict with former holdings in Weaver v. State, 96 Tex. Crim. Rep. 273, 257 S. W. 253, and Belson v. State, 97 Tex. Crim. Rep. 44, 260 S. W. 197, on the question of the necessity of the court to instruct on the law of circumstantial evidence.   Whether or not the court is called upon to instruct on that subject must of necessity depend on the facts of the particular case.   When the sheriff approached the house he fired into the house twice with a shotgun.   Immediately upon the shots occurring a witness saw appellant and one G. C. Ross jump from the house through a window on the opposite side from the officers.   Appellant and Ross ran away and were not seen by the officers.   This same witness had seen these parties going to the house on the morning of the day the raid occurred.   There is no question in this witness' testimony about the identity of appellant as one of the parties who jumped out of the house and fled.   What was found in the house has been sufficiently set out in our former opinion. Another witness who seems to have had general charge of the premises upon which the house was situated testified as follows:

"Guy (appellant) and G. C. Ross met me one day and said they were going to make some shinny down there—that is, corn whiskey; and they wasn't going to interfere with me, and wasn't going to give me any trouble whatever.   He said they were going to make whiskey down at that house."

Further relating the conversation between him and appellant and Ross, the witness testified:

"When I had the conversation with Guy Richardson and Ross with reference to making whiskey, they did not tell me any certain amount that they had made.   They said 'We are making some whiskey here,' or 'shinny' rather, 'and we don't mean to bother or give you any trouble hereafter, with our work going on there.'   They did not make any statement as to the amount they had made.   The morning that I met Ross and Richardson they had a sack with something in it.   It was a tow sack, and

it had a bundle of some kind in it.  It seemed, as well as I remember, about one-third full, on their shoulder, wrapped up and tied.  It was in the evening; it was not in the morning.  I could not swear positively what was in that sack, only by what they said.  They did not say what was in the sack, but they said what they had been doing, and what they expected to do hereafter, that was making a little shinny.  I consider shinny and corn whiskey the same thing.  Corn whiskey is what is known as shinny."

We were originally and still are of the opinion that the testimony related took the case out of the class demanding a charge on circumstantial evidence.  In Weaver's case (supra) the defendant was positively identified as being present with others eating dinner at a point some seventy-five yards from the point where the still was afterward found in operation.  When the still was discovered some one ran away from it.  The officer who saw the fleeing party had never seen the defendant before and he was not certain as to his identity, but only expressed an opinion that it was the defendant.  It will be observed that Weaver was never identified positively as being closer than seventy-five yards from where the still was operated.  This significant language was used by Judge Morrow in the opinion:

"His flight, if in fact he fled, would give much strength to the inference of guilt, *and it may be possible, conceding his identity as the fleeing man, that the case would be one of direct evidence.* However, his identity as the man who fled is not conceded.  The only witness who throws light upon the subject had no acquaintance with the appellant, saw him but momentarily as he dashed through the shrubbery, saw but a part of his person, and so incomplete was his view that the witness was unable to give any definite description of the person who fled or of any peculiarity in his apparel or movements which would furnish definite identification."

No such uncertainty prevails in the present case.  Appellant was positively identified by a witness who knew him well.  Because his testimony may have become issuable from a denial of the truth of it by appellant would in nowise change the rule.  In Belson's case (supra) the state was evidently relying upon a statement made by the defendant as taking the case out of the rule as to circumstantial evidence.  Upon that point this court said:

"We have perceived no direct evidence that the appellant manufactured the whiskey.  As stated before in this opinion, there

are circumstances which would support such an inference. The declaration of the appellant was not so unequivocal as to bring the case within the purview of one resting alone upon direct evidence."

Believing this case to have been properly decided, appellant's motion for rehearing is overruled.

*Overruled.*