### STUT LOVELL V. THE STATE.

No. 20468. Delivered October 25, 1939.
Rehearing Denied December 20, 1939.

The opinion states the case.

*Owen & Bohannon,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with the offense of burglary, and by the jury found guilty and sentenced to a term of two years in the penitentiary.

There is only one bill of exceptions in the record, and that is concerned with an oral confession claimed to have been made to the officers who arrested appellant, relative to where a portion of the stolen property could be found.

It seems that some time in the month of April, 1938, Mr. Cal Evatt's house, close to the town of May, had been burglarized and a quantity of clothing and wearing apparel had been stolen, presumptively by two persons. One Ed Putty was arrested for such burglary, and made certain statements to the officers arresting him. Later appellant was arrested, and a suit of clothes, claimed to have been taken from the burglarized house, was found, and a hat, also claimed to have been stolen at the time of the burglary, was recovered at Cisco.

Appellant complains because of the introduction of certain testimony of W. E. Hallmark, Sheriff of Brown County, wherein he testified as follows:

"On way from Carbon toward Eastland I had some conversation with Stut Lovell with reference to a hat of Cal Evatt's, from his house that was gone into down here at May. Stut said that there was a hat and maybe a belt over at Cisco. He said that it was over at the home of a man by the name of Tumlin at Cisco. He said where it came from. Best I remember he said it came from the same place the suit came from over close to May. As to who he said got it: His remark was that he and Ed Putty had gotten it. He said that they got it over close to May. He said that the hat at Cisco came from the same place the suit of clothes had over close to May. At that time we had a suit of clothes there in the car. * * *

"And prior to the time that he told me about the hat as I have testified, I did not know who had the hat. I did not have any idea who had the hat at that time. I did not know where to go to find the hat. We came on into Cisco and Stut Lovell directed us coming out like you were coming to Rising Star until he said you pass a sign, and he directed Howard to turn to the left at that sign,—it was a church sign,—and we turned to the left there and drove down the street a couple of blocks and they told him to turn into a house there. He said that a man by the name of Tumlin lived there. We drove up in front of the house and honked the horn and a lady came to the door and on to the front porch and he asked her where Tumlin was, and she said down town, and he said 'I want to get that hat that we left here.' I believe he said 'We' or he said 'that me and Ed Putty left here.' I would not be sure. We did not get the hat at that time. Prior to the time that we went to that house I did not know the hat was there. I did not know that a fellow by the name of Ed Tumlin had it. I had not heard that name before. We did not get the hat at that time. We drove down through town looking for Mr. Tumlin. He said that he would know him when he saw him."

Appellant's attorneys contend vigorously that the sheriff already had knowledge of where the supposedly stolen hat could be found prior to the time of this conversation had with appellant, and therefore this statement by him was not the cause of the finding of this stolen property. There may have been some possible reason for saying that the sheriff could have had information that the stolen suit of clothes was in the possession of one Pete Courtney, but we must confess that we do not find

any probable reason in the record upon which to base a contention that at the time of the conversation with appellant the sheriff, or anyone with him, had any knowledge that a part of the stolen property, the hat, would be found in the possession of Mr. Tumlin. In fact all the State's testimony goes to show that such knowledge was not possessed by the officers, and that upon receiving such information they were directed to Mr. Tumlin's home, and at a later date the stolen hat was recovered from Mr. Tumlin, and identified at the trial. We do not think it necessary to advert to the finding of the stolen suit, information of the location of which was claimed by appellant to have been in possession of the arresting officers at the time of the conversation with appellant relative to the hat. We do find, however, that the careful trial court charged the jury that if they believed that the officers had acquired the knowledge as to the location of the stolen property from any other source than the appellant, then they should disregard the same and not consider such testimony for any purpose.

Appellant also challenges the sufficiency of the testimony, and contends that same is insufficient upon which to predicate a verdict of guilt. Under the facts relied upon by the State, one Ed Putty and appellant were together when they sold the hat to Tumlin; both of them talked to Tumlin about the sale, and appellant claimed the hat. The hat was recently stolen property, and its possession in appellant was a sufficient quantum of proof upon which the jury might predicate its verdict, appellant's explanation of such possession and its reasonableness being a question to be decided by such jury. See Branch's Penal Code, Sec. 2464, p. 1332.

We do not think any error has been shown herein, and the judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant in his motion for a rehearing urges two grounds upon which he seeks to have this Court set aside the affirmance of the judgment of the trial court and reverse and remand this cause. The first is that this Court erred in holding that the purported confession by appellant to the officers while in custody was admissible. An oral confession by an accused while under arrest is not admissible unless by reason thereof the alleged stolen and secreted property or the instrument with which the offense was committed is found. See Art. 727 C. C. P. in the

case at bar, the officers testified that appellant told them where the hat taken in the burglary could be found and directed them to the place. The officers testified that they had no information as to where the hat was or where it might be found. Under such circumstances, his entire oral statement made to the officers at the time relative to the alleged offense became admissible. See McClure v. State, 100 Tex. Crim. Rep., 545; Webb v. State, 102 Tex. Crim. Rep., 360; 278 S. W., 223; Goosby v. State, 106 Tex. Crim. Rep., 152, 291 S. W., 237; Lingo v. State, 35 S. W. (2d), 153.

Appellant's second contention is that we erred in holding the evidence sufficient to sustain his conviction. We have again carefully reviewed the statement of facts and remain of the opinion that there is sufficient evidence upon which the jury could legally base a verdict of guilty.

Believing that the case was correctly disposed of on original submission, the motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.