## Elzie Wade v. The State.

No. 20656.  Delivered December 6, 1939.

The opinion states the case.

*Glenn Faver* and *Roi Blake,* both of Jasper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the crime of theft over $50.00, and sentenced to a term of two years in prison.

The testimony upon which a conviction is based consists of the fact that appellant was found in possession of the recently stolen property described in the indictment, and that he directed the officers where such property could be and was found. We have searched the record for any evidence, however, where any admission is made by him as to the taking and confess our inability to find such admission. Mr. Branch in his Penal Code, p. 1340, Sec. 2478, says: "In cases of theft proof of possession of property recently stolen which is unexplained, or proof of

such possession explained when the explanation does not admit the taking of the property from the person in whom possession is laid, is but a circumstance, and if there is no direct evidence of such taking a charge on circumstantial evidence is required," citing a long list of cases.

Again he says in the same section: "If the main fact is proved as a matter of inference from other facts in evidence, the case rests wholly, in a legal sense, upon circumstantial evidence. In cases of theft the main fact to be proved is the taking from the possession of the person in whom possession is laid, and if there is no direct evidence of such taking—the main fact—a charge on circumstantial evidence is required," citing numerous cases.

It is also there held that an admission by defendant of possession of recently stolen property, unless same contains an unequivocal admission of the taking, is not sufficient, standing alone, to take such case out of the realm of circumstantial evidence. See Sec. 2478, supra.

We note that there is no further testimony in this record connecting appellant with this taking other than that he told the officers where this stolen goods could be found, and that in pursuance of such conversation same were found concealed in the home of appellant's sister.

We also note that the trial court submitted the theft over $50.00 count in the indictment alone, and that the conviction herein was based thereon. It is also worthy of note that appellant objected at the proper time to the court's failure to charge the law of circumstantial evidence. Such a charge should have been given, and the failure to give such charge should result in a reversal hereof.

We also think that under the testimony in this case, in the event of a new trial, the court should instruct the jury relative to the taking at one time of property over the value of fifty dollars, and we further observe that whenever under Art. 727, C. C. P. a statement of the accused is made under arrest, not in writing under proper warning, but which statement contains facts or circumstances found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, etc., then all of the statement or confession so made becomes admissible, so far as the same is pertinent to the main fact at issue in the case. See McClure v. State, 100 Texas Crim. Rep. 545, 272 S. W. Rep. 157.

The judgment is reversed and the cause remanded.