FIDEL TORRES v. THE STATE.

No. 22377. Delivered February 3, 1943.

The opinion states the case.

*E. B. Simmons,* of San Antonio, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was given two years in the penitentiary on a conviction of murder without malice.

On Saturday night about the 1st of March, 1942, appellant, with others, was engaged in his pay-day celebration at a Mexican saloon in the city of San Antonio. The evidence is considerably in conflict and yet the appellant's own testimony would probably support the jury's verdict. The shooting occurred at about 12:30 in the morning. In a few hours thereafter, appellant was arrested by officers at his home in bed with his clothing on. After some hours of conversation, he made an oral confession, as told by one of the officers, in which he admitted the commission of the crime in a wanton manner, told the officers that he had thrown the pistol in a certain place, and took them to it. The State placed this statement in evidence while making out its case in chief, and the objection to it is brought forward in the bill of exception. That the entire statement is admissible

because the information given led the officers to find the pistol has been the construction given to Article 727, C. C. P. by the decisions of this Court since the enactment of said article. This is true, even though portions of such statement are in no way affected by finding the weapon with which the crime was committed. McClure v. State, 272 S. W. 157; Stelman v. State, 58 S. W. (2d) 831; Williams v. State, 67 S. W. (2d) 269; Brooks v. State, 95 S. W. (2d) 136; Wade v. State, 134 S. W. (2d) 245; Lovell v. State, 134 S. W. (2d) 266. See also notes under Article 728 in Vernon's Ann. C. C. P.

The writer frankly admits that if he were giving consideration to the language of the article authorizing admission of this testimony, he would be unable to concur in the view that the finding of the pistol would authorize the officer to go further in detailing the statement than that which pertained in some way to the location of the pistol. In its present state, however, we feel that we are precluded from reaching such conclusion by reason of the fact the article has been reenacted by the Legislature since the Court has given such wide latitude to the admission of oral statements under the terms of the article under consideration. Such re-enactment carries with it the construction by the Legislature which the courts had previously placed on it.

After the defense had closed the case, the State, in a plausible spirit of fairness, produced evidence strongly corroborating the defense theory of the parties on trial, among which was a written confession made within an hour or two of the time given to the oral confession, in which written confession may be found exculpatory statements which would have been injurious to the State had it been produced as evidence in chief. Inasmuch as this evidence was offered in rebuttal of the defense testimony, it will be considered for such purpose so far as it has that effect but we do not think the State would be bound by the exculpatory statements contained within it.

Other bills of exception found in the record, as qualified by the court, are without merit.

The judgment of the trial court is affirmed.