### FRANK SMITH V. STATE.

No. 26,016. November 5, 1952.

Hon. John C. Patterson, Judge Presiding.

*H. S. Beard,* Waco, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is that of being an accomplice to the crime of robbery; the punishment, five years.

One Harris and one Anderson came to Marlin on the night of January 1, 1951; went to the home of George Lankford; and, by the use of firearms and after having tied the hands and feet of those present, robbed them of a diamond ring, three watches, and other jewelry, together with certain currency.

On the trial of appellant, both the principals and the victims testified to the commission of the robbery as above described. Mr. Lankford further testified that he had met the appellant some time prior to the robbery in the course of his automobile business.

Harris, in addition to admitting his guilt, for which he had been convicted and sentenced to the penitentiary, gave certain inculpatory evidence concerning the appellant's connection with the offense. He testified that, before the robbery while talking to appellant, he had mentioned the fact that he needed some money, and appellant had told him of a Mr. Lankford in Marlin, who had a diamond ring that would be worth some money; and that he (the appellant) would dispose of the ring if Harris would get it; and that he later agreed with appellant to undertake the enterprise. Harris further testified that, prior to this conversation, he had never heard of Lankford; and that a few days before the commission of the offense in question the appellant had journeyed to Marlin, in company with him and Anderson, and had pointed out the Lankford home to them. Harris also stated that, after the commission of the crime, he and Anderson had returned to Waco and delivered the ring and other jewelry to appellant that same night.

Anderson gave the same testimony as had Harris concerning the delivery of the fruits of the robbery to the appellant and told of having met the appellant some two weeks later, at which time appellant reported to him that he still had the jewelry.

Sheriff Pamplin testified that, approximately a month after the robbery, he arrested Harris in Waco, and some time later Anderson and appellant came into his custody. The sheriff stated that, in the course of questioning the appellant, he had told him that Harris had told of appellant's part in the crime, including the receipt of the stolen property and the trip to Marlin which preceded the robbery, and that appellant had admitted the truth

of Harris' report and also that he had the Lankford ring and the jewelry in Waco.

Sheriff Pamplin further stated that, immediately after receiving this information, he took the appellant to his home in Waco, where appellant turned over the Lankford ring to him, and that on the following day appellant's father brought the remainder of the jewelry to his office in Marlin.

The witness Brady testified that a few days before the robbery the appellant had sought to interest the witness and one Roach in going to the home of an automobile dealer in Marlin on New Year's Eve and there burglarizing the same in the event the family was away, or robbing the family if they were found at home, holding out as an inducement the representation that the automobile dealer had a fine diamond ring and usually kept large sums of money in the house. Brady further testified that he and Roach considered the assignment, but on the day set by appellant they declined to participate in the proposed criminal enterprise.

Roach gave practically the same testimony as Brady and also told of appellant's proposal to split the proceeds of the job equally between Brady, Harris, Roach, and the appellant.

The defendant offered the witnesses Tuggle, who sought to impeach the testimony of the witness Brady, and appellant's father, whose testimony, if believed, would have exonerated the appellant.

We find the evidence sufficient to support the conviction of the appellant as an accomplice to the crime of robbery.

Bills of Exception Nos. 1 and 5 complain of the testimony of the sheriff and his deputy concerning the oral confession made by the accused while in custody in Marlin. The grounds of the objection were that the accused was under arrest at the time the confession was made.

It has long been the rule that "whenever under Art. 727, C. C. P., a statement of the accused is made under arrest, not in writing under proper warning, but which statement contains facts or circumstances found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, etc., then all of the statement or confession so made becames admissible, so far as the same is pertinent to the main fact at

issue in the case." Wade v. State, 138 Tex. Cr. R. 69, 134 S. W. 2d 245.

In speaking of such confessions in McClure v. State, 100 Tex. Cr. R. 545, 272 S. W. 157, we said:

"It is our understanding of this exception that it sanctions the admission in evidence of the confession in its entirety and not alone that part of it which leads to the discovery of the instruments used in the commission of the offense."

Attention is further directed to Lovell v. State, 138 Tex. Cr. R. 134, 134 S. W. 2d 266; Halbert v. State, 138 Tex. Cr. R. 592, 137 S. W. 2d 1010; and Torres v. State, 145 Tex. Cr. R. 365, 168 S. W. 2d 265.

Bills of Exception Nos. 2 and 3 complain of the admission of the testimony of the witnesses Harris and Anderson. The grounds of the objection were that the witnesses were convicts and the occurrence about which they testified did not take place on a prison farm. We have long since ruled against appellant's contention in this respect. See Lockhart v. State, 150 Tex. Cr. R. 230, 200 S. W. 2d 164, and cases cited there.

Bill of Exception No. 4 recites an objection to the definition of an accomplice contained in the court's charge. We find the charge to be in the terms of the statute. This is proper. Grimsinger v. State, 44 Tex. Cr. R. 1, 69 S. W. 583.

Finding no reversible error, the judgment of the trial court is affirmed.