Roger Mack BRITTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 59223.

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 17, 1980.

On Rehearing Feb. 11, 1981.

Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds, and David C. Schick, Asst. Dist. At-

**422**

tys., Dallas, Robert Huttash, State's Atty., Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

Appeal follows conviction for the offense of aggravated robbery wherein the jury assessed punishment, enhanced by a prior felony conviction pursuant to V.T.C.A. Penal Code, § 12.42(c), at confinement in the Texas Department of Corrections for fifty years.

Though some five grounds of error are presented, we need not reach each of these contentions. In ground of error number one complaint is made that the trial court erred in overruling appellant's timely request for a charge on the law of circumstantial evidence. We agree and reverse.

To fully understand the contention, a brief recitation of the facts is in order. In the early morning hours of April 19, 1977, Edward Strom, the complainant, was driving his pickup truck along the Central Expressway when he came upon a stalled van. Nearing the vehicle, Strom observed a person step out from in front of it, and flag him down. Strom complied and assisted the stranded motorist in pushing the van to a nearby convenience store. The Samaritan was approached by the motorist who asked him for a cigarette and, after being furnished one, suddenly pulled out a knife. During the course of the affray that ensued, Strom was slashed several times before he threw his wallet in the general direction of his assailant. As the latter rushed to retrieve the billfold, the complainant managed to run into the convenience store where the manager assisted him and called the police. Though Strom's wounds proved to be not serious, he discovered that his assailant had absconded with both his wallet and his pickup truck. Later that same day, appellant was arrested by Shreveport, Louisiana, police while in possession of Strom's vehicle.

Prior to trial on the merits, the trial court held an identification hearing like the Court recommended in *Martinez v. State*, 437 S.W.2d 842, 848–849 (Tex.Cr.App.1969). Strom was unable positively to identify appellant as the person who robbed him in the early morning hours of April 19, 1977. The following exchanges are particularly germane:

Q: [By the prosecutor]: Do you see the individual in court today that you met about this time in the morning in April, 1977?

A: No, sir, I can't swear that I do.

Q: You say you cannot swear to it. I would ask you, do you see someone that you feel does look like that individual.

A: I'm not sure. I don't want to say anything to get a man in trouble if I'm not sure.

*     *     *     *     *     *

Q: Did you—I've asked you earlier to look around the courtroom and tell us whether or not you see the individual that robbed you and I think—what did you say in that regard as to whether or not you see the individual in court today that robbed you?

A: I'm not sure, sir. I couldn't definitely pick out a man.

*     *     *     *     *     *

Q: But with regard to anyone that is present in the courtroom now, you are not going to tell the Court under oath that you are positive that you see the person that robbed you?

A: That's right, sir.

And on cross examination, the complainant's testimony in this vein did not change:

Q: And once again, let me ask you, you just cannot be positive at all this is the same man that robbed you?

A: No, sir, I cannot. I don't know if I'm doing this wrong or not. This is the first time I've done this. I don't know if I should say yes, maybe.

*     *     *     *     *     *

Q: We want you to tell us what you think.

A: All I could say is it could be, I cannot definitely swear to it.

At the conclusion of the *Martinez* hearing, the trial court filed findings of fact and conclusions of law which recited that:

"That the witness, Edward Klas Strom was unable to positively identify the defendant in Court in this cause as being connected with the commission of the offense alleged in the indictment."

Though the complainant was unable to identify appellant as his assailant, both during the *Martinez* hearing and at the trial on the merits he did state that the person depicted in State's Exhibit 1, a mug shot of appellant taken shortly after his arrest in Louisiana, was the individual who had in fact robbed him. The witness made such an identification when a Dallas police officer came to his house with some six different photographs of purported suspects. The only other evidence tending to connect appellant with the commission of this offense was his possession of the complainant's billfold and control over his motor vehicle.

Returning, then, to appellant's complaint, it is urged that, given the complainant's failure to effect a positive in-court identification, there was no direct evidence relating to the main fact to be proved herein—identity. The failure of the trial court to instruct the jury on the law of circumstantial evidence consistent with the timely request therefor, asserts appellant, was error. We agree.

It is well settled that direct evidence is that which directly demonstrates the main fact to be proved, while circumstantial evidence is direct proof of a secondary fact which by logical inference demonstrates the main fact. *Frazier v. State*, 576 S.W.2d 617 (Tex.Cr.App.1978); *Crawford v. State*, 502 S.W.2d 768 (Tex.Cr.App.1973); *Eiland v. State*, 509 S.W.2d 596 (Tex.Cr.App.1974). As heretofore noted, in the present case identity, essential to guilt, is the main fact to be proved. The complainant was unable to provide the jury with identification testi-mony which *directly* proved that appellant was the one and the same person who robbed him. The complainant, however, did state that he identified the person in State's Exhibit 1 as the man who had robbed him and, of course, it is uncontradicted that the photograph was of the appellant. But this "bootstrapped" identification necessarily relies on the inference that the jury can and did draw, i. e., if State's Exhibit 1 is the guilty party and State's Exhibit 1 portrays appellant, appellant is therefore the guilty party. Resort to "a process of inference," *Richardson v. State*, 600 S.W.2d 818, 825 (Tex.Cr.App.1980), is a distinguishing feature of a circumstantial case, the accepted notion being that legal logic is derived from "the acknowledged results of human experience," *Brewer v. Cochran*, 45 Tex.Civ.App. 46, 99 S.W. 1032, 1037 (Civ.App.1907, writ ref'd), and, thus, if compelling enough, inferences, deductions and conclusions drawn from collateral facts and circumstances may establish the main fact to be proved as satisfactorily as direct evidence. See 23 Tex.Jur.2d 25, *Evidence*, § 6.

Given the "vagaries of eyewitness identification," *United States v. Wade*, 388 U.S. 218, 228, 87 S.Ct. 1926, 1933, 18 L.Ed.2d 1149 (1967), an eyewitness is permitted to testify to postoffense identification of the accused as a fact bearing on the issue of identity, *Lucas v. State*, 271 S.W.2d 821, 823 (Tex.Cr.App.1954) and *Weaver v. State*, 68 Tex.Cr.R. 214, 150 S.W. 785, 788 (1912), because it is recognized as "one of the circumstances" upon which the witness bases his identification, whether strong or weak, of the accused, *Fortune v. State*, 259 S.W. 573, 575 (Tex.Cr.App.1924).

Our own research has produced several venerable cases on the point. In the first, *Smiley v. State*, 87 Tex.Cr.R. 528, 222 S.W. 1108 (1920), an appeal from a conviction for assault with intent to rob, the complainant stated upon cross examination that there was a "possibility, though not a probability" that his in-court identification of the defendant as his assailant was mistaken. The testimony of the complaining witness was that the defendant "met the description

that he held in his mind of one of his assailants." Noting that the complainant's identification of the defendant as the guilty party "is necessarily but the inference which he draws from the similarity of appearance of one of the men who assaulted him" and the defendant, Judge Morrow went on to write:

> "*The identity of the assailant in a prosecution for assault frequently depends upon circumstances, and this is true in some instances, although the injured party may claim on the trial to identify the accused*; and experience has demonstrated that the mere conclusion of the party injured touching the identity of the offender, where there is no previous acquaintance, no peculiarities noticed, and the opportunity for observation is often unreliable." [1]

*Id.* at 1109.

The matter of identity, reasoned the Court, was left in such a condition as to render it necessary for the trier of fact to determine by inference rather than by direct evidence, and a circumstantial evidence charge was therefore warranted.[2]

*Weaver v. State*, 96 Tex.Cr.R. 273, 257 S.W. 253 (1924), presents a similar situation. Several days after the offense at issue a complaining witness saw the defendant and felt that, in his opinion, defendant was the one and the same person who had run away from an illegal still. This witness had but a momentary glance at the person near the still and was not "positive" about his features or clothing. Holding that a charge on circumstantial evidence was required under these facts, Judge Morrow wrote:

> "*[The complainant's] statement is one which, with the other facts in evidence, might support the inference that the appellant was the man who fled. It is, however, to be classified as circumstantial rather than direct evidence of that fact.*

> "It will be noted that none of the witnesses saw the appellant at the still. His proximity to it, the company he was in, and the remarks imputed to him, are *circumstances* tending to connect him with the offense. His flight, if in fact he fled, would give much strength to the *inference of guilt*, and it may be possible, conceding his identity as the fleeing man, that the case would be one of direct evidence. *However, his identity as the man who fled is not conceded.* The only witness who throws light upon the subject had no acquaintance with the appellant, saw him but momentarily as he dashed through the shrubbery, saw but a part of his person, and so incomplete was his view that *the witness was unable to give any definite description* of the person who fled or of any peculiarity in his apparel or movements which would furnish *definite identification.*"

*Id.* at 254.

The third member of our respected trilogy, *Harris v. State*, 72 Tex.Cr.R. 117, 161 S.W. 125 (1913), involved a bigamy prosecution in which the State relied upon testimony of one Adams that the defendant was in San Antonio on a day proper for the purpose of marrying the complainant. Again, finding that a circumstantial evidence charge was in order, the Court noted:

> ". . . it is manifest that the state relied on circumstances to show that the John M. Harris who, in San Antonio, married Alice Ellison was one and the same person as Harry M. Harris who married Miss Cheney. *No positive testimony of that fact was offered or introduced in evidence.* The circumstances are doubtless strong and cogent, tending to show that fact, *but there is no positive testimony in the record* that appellant, Harry M. Harris, was ever in San Antonio in his life, and *no positive testimony* that if in San

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. As if to reaffirm its vitality, we note that *Smiley v. State*, supra, has been cited with approval only recently in our own disposition of *Sattiewhite v. State*, 600 S.W.2d 277 (Tex.Cr. App.1980).

Antonio he was going under the name of John M. Harris, and under such circumstances the court erred in refusing to give the special charge requested by appellant on circumstantial evidence."

*Id.* at 128.

More recently in a fact situation that cannot be distinguished in principle the Court pointed to testimony of the only eyewitness to a crucial transaction that purported to link the accused to a robbery by assault, *Blankenship v. State*, 481 S.W.2d 147, 149 (Tex.Cr.App.1972):

" . . . Dodson was asked at the time of trial if 'anyone in the courtroom *looks like* the person that was driving that car . . . ?' He pointed to the appellant but stated he was not positive." [Emphasis in original.]

Because there was no direct evidence of his participation in the robbery,[3] failure of the trial court to honor request of appellant that the jury be charged on circumstantial evidence was held to be reversible error.

The inquiry, however, is not finished for we must next consider whether the facts shown were in such close relation to the main fact to be proved—identity—as to be the equivalent to direct testimony of that fact. See, e. g., *Frazier v. State*, supra at 620. As was stated in dissent in *Riggins v. State*, 468 S.W.2d 841 (Tex.Cr.App.1971):

"There is a difference between facts being in such a juxtaposition to warrant an inference of guilt and facts being in such a juxtaposition as to be [the] equivalent to direct testimony. The former, no matter how strong they are or how certain is the guilt of the accused, cannot justify a failure to charge on circumstantial evidence. The latter set of facts will occur

only where the evidence is such that it is logically and practically the virtual same thing as direct evidence of the factum probandum."

*Id.* at 846 (Roberts, J., dissenting).

While the circumstances outlined above may have been sufficient to support a finding of guilt, they clearly are not the equivalent of direct evidence of guilt. Though the State's evidence, apart from the complainant's uncertain identification of appellant as his assailant, may lead to an almost irresistible conclusion that appellant is guilty, and although circumstances indicating guilt are strong, the trial court is not relieved of the duty of charging the jury on circumstantial evidence where, as here, the case is based upon inference and reasoning. *Frazier v. State*, supra; *Levi v. State*, 573 S.W.2d 784 (Tex.Cr.App.1978); *Hielscher v. State*, 511 S.W.2d 305 (Tex.Cr.App.1974). The failure of the trial court to so instruct the jury was, therefore, reversible error.

We note in passing, that this record also reflects that the prosecutor engaged in argument during the punishment phase which encouraged the jury to consider an extraneous offense when affixing punishment after being instructed not to go into this area during the trial on the merits. Such a practice is beyond the pale, see, e. g., *Berryhill v. State*, 501 S.W.2d 86 (Tex.Cr.App. 1973), especially in light of the punishment here assessed. In the event of a retrial, the State is expected to, as always, confine its arguments to those areas sanctioned by this Court. See *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973).

For the error found, the judgment is reversed and the cause remanded.

Before the court en banc.

---

**3.** As summarized by the Court:

" . . . [T]wo individuals, neither of whom was the appellant, robbed Minyard's Supermarket, walked out of the store, got into a Pontiac automobile, then left. After having driven for a distance of approximately 'three-quarters of a mile,' a white 1966 Chevrolet convertible turned onto the street behind them and followed them for a short distance.

Thereafter, both vehicles entered a cul-de-sac, made a U-turn, and stopped. The two men who had robbed the store then got into the white Chevrolet, ducked down, and left with the driver, *who one witness thought looked like appellant.* The white Chevrolet convertible then proceeded to Storybook Land."

*Id.* at 150.

## OPINION ON STATE'S MOTION
## FOR REHEARING

McCORMICK, Justice.

This is an appeal from a conviction of the offense of aggravated robbery enhanced by a prior felony conviction. The jury assessed punishment at fifty (50) years.

Appellant, through his attorney, raises a single ground of error relating to the failure of the trial court to charge the jury on the law of circumstantial evidence.

At trial it was shown that in the early morning hours of April 19, 1977, the complainant, Edward Strom, stopped his pickup on the freeway after being flagged down by a stranded motorist. After assisting the motorist in pushing the vehicle some distance to a convenience store, the motorist asked Strom for a cigarette, which he gave him. At this point, the motorist produced a knife and began slashing and cutting Strom. The attacker demanded Strom's wallet, which Strom threw on the ground some six or eight feet away. While the attacker was picking up the wallet, Strom fled into the convenience store where the attendant called police and helped Strom bandage his wounds. The attacker fled the scene in Strom's pickup. Later that same day, appellant was arrested in Louisiana while driving the stolen pickup.

At the time of trial, Strom testified that he had, shortly after the robbery, identified his assailant from a spread of photographs shown to him by Dallas police. The photograph was introduced at trial, and the following took place:

"Q. (By Prosecutor) Let me show you what's been marked for identification purposes, Mr. Strom, as State's Exhibit Number 1. Do you recognize that exhibit?

"A. (By Mr. Strom) Yes, sir.

"Q. And what is it, please?

"A. That's the picture of the man that robbed and stabbed me.

" * * *

"Q. Now, with regard to State's Exhibit 1, the photograph there, the individual that's depicted in that photo-

graph, that is the individual that robbed you on the morning of April 19th, 1977?

"A. Yes, sir.

" * * *

"Q. Is there any doubt in your mind at all that the person in the photograph is the person that robbed you?

"A. None whatsoever."

At no time during the trial did the witness Strom identify the appellant positively. What the evidence did reveal is that between the time of the taking of the photograph and the time of trial appellant's hair had been cut, his moustache had been trimmed, his sideburns cut, and he did not appear as he did in the photograph.

Later in the trial, Sergeant Paul Hendrix of the Shreveport police department testified that he had arrested appellant in Louisiana on April 19, 1977. He positively identified appellant at trial as the person he arrested and positively identified State's Exhibit Number 1 as a photograph of appellant as he appeared on April 19, 1977. Appellant contends that he was, based on the evidence, entitled to a charge on circumstantial evidence since the complainant did not make a positive in-court identification.

On original submission, a panel of this Court reversed, holding that:

"While the circumstances outlined above may have been sufficient to support a finding of guilt, they clearly are not the equivalent of direct evidence of guilt. Though the State's evidence, apart from the complainant's uncertain identification of appellant as his assailant, may lead to an almost irresistible conclusion that appellant is guilty, and although circumstances indicating guilt are strong, the trial court is not relieved of the duty of charging the jury on circumstantial evidence where, as here, the case is based upon inference and reasoning."

We now hold that there was no error in the trial court's failure to charge on circumstantial evidence, and grant the State's motion for rehearing.

■ A charge on circumstantial evidence is required only where evidence of main facts essential to guilt is purely and entirely circumstantial. *Wilson v. State*, 225 S.W.2d 173, 154 Tex.Cr.R. 59 (1950), *Hall v. State*, 278 S.W.2d 297, 161 Tex.Cr.R. 460 (1955). Put another way, a charge on circumstantial evidence is necessary only when the State's case depends wholly on circumstantial evidence. See Article 36.14, V.A.C.C.P., note 437. Such a charge usually begins in the following terms:

"This is a case depending for conviction on circumstantial evidence." *Smith v. State*, 157 Tex.Cr.R. 637, 253 S.W.2d 665 (1952).

■ Circumstantial evidence is proof of a fact from which an inference, based on common experience, can be drawn. Where one fact is proved from which another fact is inferred, this is circumstantial evidence. *Gentry v. State*, 41 Tex.Cr.R. 497, 56 S.W. 68 (1900). But there exists no authority which says that proof of one fact which is then used to directly prove (rather than infer) a second fact is circumstantial evidence. On the contrary, the proof of the second and ultimate fact does not rest in any respect on circumstantial evidence. When each link in such a chain is proven by direct, testimonial evidence which does not call for any inference, this is tantamount to direct proof.

The situations where a chain of evidence is composed solely of direct testimony are limited. Three such situations are analogous to the one at bar.

The first such analogy is in the prosecution of murder cases where evidence connects the accused with the killing of some person but other direct testimony is necessary to identify the person killed. Thus, where there is a chain of direct evidence to prove that the accused killed the person alleged in the indictment, and where there is no circumstantial evidence in that chain, no charge on circumstantial evidence is required. *Hogan v. State*, 496 S.W.2d 594 (Tex.Cr.App.1973), and *Howard v. State*, 111 Tex.Cr.R. 205, 13 S.W.2d 80 (1928).

Similarly, where a substance is taken from the possession of an accused and delivered to a third person who identifies that substance as a narcotic, there is a direct evidence chain which proves that the substance possessed by the accused was a narcotic, and no charge on circumstantial evidence is required. *Cazares v. State*, 488 S.W.2d 110 (Tex.Cr.App.1973).

Finally, and probably most similar to the case at bar, is the situation that often arises when fingerprints are used to identify an accused. Ofttimes, there are three steps in this chain. First, the introduction of an unknown print; then the introduction of a set of known prints; and lastly, testimony of the expert who connects the known and unknown prints. When such occurs, no change on circumstantial evidence is required. *Grice v. State*, 142 Tex.Cr.R. 4, 151 S.W.2d 211 (1941); *Reed v. State*, 516 S.W.2d 680 (Tex.Cr.App.1975).

None of the facts shown in the case at bar are proved circumstantially. Had the prosecuting witness testified that the robber *looked like* the man in the photograph, or had the police officer from Louisiana said the photograph *looked like* the appellant, this would have been circumstantial evidence from which an inference could be drawn that the person depicted in the photograph was in fact the appellant. Such was not the testimony.

■ The testimony of the prosecuting witness Strom that the photograph depicted the man who robbed him is direct evidence of that fact, i. e. the man who robbed him is in the photograph, and nothing is left to be inferred as to who the person in the photograph is. The officer testified that the man in the photograph is the appellant. This is direct evidence of the fact that the man in the photograph was in fact the appellant. Nothing is left to be inferred. The testimony, taken together, shows directly, not circumstantially, that the man in the photograph who robbed the witness Strom is the appellant. What inference need be drawn? Each piece of evidence is direct. Nothing is being shown by circumstantial evidence, and a charge thereon would not appear to be required. *Hall v. State*, supra.

428

What we have here is a chain of direct evidence *pointing unequivocally to the guilt of the accused.*

In a pro se brief which was not timely filed, appellant has presented four additional grounds of error. We have examined each of them and find no reversible error.

The State's motion for rehearing is granted, and the judgment is affirmed.

ONION, P. J., and ROBERTS, CLINTON and TEAGUE, JJ., dissent.