## M. J. BARNES v. THE STATE.

### No. 2559.   Decided February 11, 1903.

**1.—Occupation Tax—Levy of by Commissioners Court.**

On a trial for pursuing an occupation without paying the tax imposed, it must be shown from the minutes of the commissioners court not only that a tax upon such occupation was ordered, but what was the amount of the tax so levied by said court.

**2.—Same.**

See opinion for evidence held insufficient to support a conviction of pursuing the occupation of selling spirituous, etc., liquors without license.

Appeal from the County Court of Archer.   Tried below before Hon. F. Lewis, County Judge.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors without license; penalty, imprisonment in the county jail for ten days.

The opinion states the case.

No briefs for appellant.

*Howard Martin,* Assistant Attorney-General, for the State, submitted the case on the record.

BROOKS, JUDGE.—Appellant was convicted of pursuing an occupation without license, and his punishment assessed at confinement in the county jail for ten days.

The only question we deem necessary to consider is the sufficiency of the evidence to support the conviction.   The evidence adduced upon the trial is substantially as follows:   Joe Rinard testified:   That defendant runs a drug store at Dundee.   That "I have bought medicine from him that Dr. Matthews prescribed.   I have bought medicine from him that Dr. Matthews did not prescribe.   I have bought medicine in bottles.   I do not know what it was.   I drank the medicine I got in bottles."   M. A. Smith testified:   That he had known defendant three or four years, and knew where his place of business is, in Dundee, Archer County.   "I have traded with him ever since I have been in the county. I have never bought whisky from defendant.   I have gone into his place of business and asked him to sell me a dram, and told him I was feeling badly.   He said, 'I can not sell you a dram, but I will give you one.'   I have gotten drams from him several times during the past year. I run an account with defendant.   I paid him up what I owed him last year.   I do not know whether he charged me with the whisky I got or not.   [Here State's attorney exhibited to witness what purported to be his testimony before the grand jury, and read portions of it to witness in presence of the jury, for purpose of refreshing the memory of witness, to which defendant objected.]   I testified before the grand jury.   I signed that paper in the grand jury room.   I do not think defendant

charged me with the whisky I drank. If I said so in the grand jury room, I was mistaken. I am illiterate. Can not read writing. Can only write my name. I am satisfied I did not pay for the whisky I got from defendant. I am friendly to defendant. I have brought him a number of watermelons and roasting ears." Sam Dillard testified: "I know defendant. Have been in his place of business a number of times. I have bought bitters from him. I never bought whisky from him." John Manton testified. "I know the defendant. I never bought whisky from defendant. I have bought bitters from him. I have bought Hostetters, Indian Herb, and Attwood's bitters from defendant. I do not know that these bitters are intoxicating. I bought six or eight bottles in one day during the summer of 1901. I bought them to sober up on. I got my whisky at Wichita Falls." The State put in evidence the following orders of the commissioners: "(1) Order of commissioners court, February term, 1900, levying occupation tax for the county of Archer; (2) order of commissioners court, February term, 1901, levying occupation tax for county of Archer; (3) order of commissioners court, February term, 1902, levying occupation tax for county of Archer."

The indictment charged that defendant did unlawfully engage in, pursue, and follow the occupation of selling spirituous, vinous, and malt liquors and medicated bitters in quantities of one gallon, and less than one gallon, which said occupation was then and there made taxable, etc. In our opinion, this evidence is not sufficient. In the first place, it is not shown that appellant pursued the occupation alleged in the indictment, nor does it show what was the tax levied by the commissioners court, but merely shows that the order levying the taxes was made. If the commissioners court levied a tax, the amount of such levy should be shown from the minutes of the court. If appellant pursued the occupation, evidence should be introduced showing that he pursued such occupation.

The evidence adduced does not make out a case of the character charged, and for this reason the judgment is reversed, and the cause remanded.

*Reversed and remanded.*