**Ned TAYLOR, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60557.**

Court of Criminal Appeals of Texas, Panel No. 1.

July 14, 1982.

Rehearing Denied Sept. 15, 1982.

Chuck Lanehart, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., Daniel W. Hurley, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, DALLY and TEAGUE, JJ.

OPINION

TEAGUE, Judge.

Appellant appeals his conviction by a jury for committing the offense of aggravated robbery, see V.T.C.A. Penal Code, Sec. 29.-03(a)(2). Punishment, enhanced by one prior felony conviction, was assessed by the same jury at 30 years' imprisonment, see V.T.C.A. Penal Code, Sec. 12.42(c).

Appellant in his first ground of error claims there is a fatal variance between the allegations of the indictment and the evidence presented by the State.

The indictment, omitting the formal introductory and concluding parts, states in pertinent part as follows:

... that on or about the 17th day of September, A.D.1977, and anterior to the presentment of this indictment, in the County and State aforesaid, NED TAY-

LOR JR. did then and there while in the course of committing theft and with intent to appropriate property of Susie Nell Gregorcyk, to-wit: good and lawful United States Currency without the effective consent of the said Susie Nell Gregorcyk and with intent to deprive the said Susie Nell Gregorcyk of said property, did then and there by using and exhibiting a deadly weapon, to-wit: a handgun, intentionally and knowingly threaten Susie Nell Gregorcyk with imminent bodily injury

The offense of aggravated robbery includes all the elements of the offense of robbery,[1] as well as having the additional element of either (1) causing serious bodily injury to another or (2) using or exhibiting a deadly weapon.

In this cause the State elected to charge the appellant with the offense of robbery, but also alleged that the offense became aggravated robbery because the appellant "did then and there by using and exhibiting a deadly weapon, to-wit: a handgun, intentionally and knowingly threaten Susie Nell Gregorcyk with imminent bodily injury."

It was, therefore, incumbent upon the State to prove the following elements, as alleged in the indictment.

(1) The appellant

(2) While in the course of committing theft or with intent to appropriate property of Susie Nell Gregorcyk, to-wit: good and lawful United States Currency

(3) Did without the effective consent of the said Susie Nell Gregorcyk

(4) And with intent to deprive the said Susie Nell Gregorcyk of said property

(5) By then and there using or exhibiting a deadly weapon, to-wit: a handgun

(6) Intentionally and knowingly threaten Susie Nell Gregorcyk with imminent bodily injury.

It is axiomatic that the State is bound by the allegations it states in its charging instrument, and must prove those allegations beyond a reasonable doubt. *Moore v. State,* 531 S.W.2d 140, 142 (Tex.Cr.App.1975); *Butler v. State,* 429 S.W.2d 497 (Tex.Cr. App.1968); *Seiffert v. State,* 501 S.W.2d 124 (Tex.Cr.App.1973).

To resolve appellant's first contention it is necessary for us to review the State's evidence, to determine if it established beyond a reasonable doubt each of the above six allegations.

The proof, viewed in the light most favorable to the State, showed that about 10:00 a. m., on September 17, 1977, appellant, another man, and a woman went into a Lubbock grocery store where Mrs. Gregorcyk was working. All three persons had been in the store at approximately 6:45 that morning, and the woman had twice returned alone in the interim to make purchases of candy. Near the time in question, the woman approached Mrs. Gregorcyk, who was then at the cash register, to make another purchase of candy. Because Mrs. Gregorcyk was short of change, the woman called to appellant's co-defendant, who was then enroute to the meat market counter of the store, and asked him for some pennies. Appellant then went and got a nickel from his co-defendant, and afterwards the woman and appellant again approached the cash register area where Mrs. Gregorcyk was stationed. Appellant then stood to the side of the register. The appellant's co-defendant continued walking toward the meat counter. When Mrs. Gregorcyk opened the

---

1. V.T.C.A. Penal Code, Sec. 29.02, the robbery statute, provides:

   (a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

   (1) intentionally, knowingly, or recklessly causes bodily injury to another; or

   (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

   (b) An offense under this section is a felony of the second degree.

   V.T.C.A. Penal Code, Sec. 29.03, the aggravated robbery statute, provides:

   (a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

   (1) causes serious bodily injury to another, or

   (2) uses or exhibits a deadly weapon.

   (b) An offense under this section is a felony of the first degree.

cash register, appellant grabbed her around the neck and jerked her over a money order machine. When she screamed, appellant thrust his fingers into her mouth and banged her head on the counter, threatening to kill her if she did not remain quiet. During this assault, the appellant's female companion took the money which was in the cash register, and then both appellant and his female companion ran from the store.

The appellant's co-defendant, when appellant and his female companion were near the cash register where Mrs. Gregorcyk was stationed, approached Bob Ross, who was an employee working at the meat counter, and ordered some meat. As Ross was handing the co-defendant the ordered meat, he heard Mrs. Gregorcyk scream. The appellant's co-defendant then pulled a handgun, probably a .25 automatic, pointed the pistol at Ross, and ordered Ross to turn around. Neither Mrs. Gregorcyk nor Ross could see what was occurring at the other's location, although Mrs. Gregorcyk heard the appellant's co-defendant order some summer sausage from Ross, and Ross subsequently heard someone tell Mrs. Gregorcyk to keep her head down.

Mrs. Gregorcyk had seen the imprint of a small pistol in the front pants pocket of the appellant's co-defendant, when the trio had entered the grocery store at ten o'clock, but she never saw a gun displayed. She was "placed in fear of imminent bodily injury through the ... 'beating' [she sustained] and not through the use of a handgun." Further, no mention of a gun or the shooting of anyone was made in the verbal threats communicated to Mrs. Gregorcyk, and she had no knowledge of what was occurring between the appellant's co-defendant and Ross, once appellant's assault upon Mrs. Gregorcyk had begun.

From the above summary of the facts, we discern that the State did sustain its burden of proof regarding elements 1 through 4, inclusive of the alleged offense. However,

as to elements 5 and 6, we find that the State failed in its burden of proof.

The State argues in its brief that as Mrs. Gregorcyk "saw the imprint of the small pistol in the front pocket of the man at the meat counter," and that "she became scared when she saw this," and because a .25 automatic calibre pistol, "a small calibre pistol," was recovered, the State satisfied its burden of proof as to elements 5 and 6. We quote from the State's brief: "Mrs. Gregorcyk's and Mr. Ross's observations taken together with the recovery of the small calibre pistol give rise to a reasonable inference that the robbery was committed with a handgun. The evidence of a handgun being used and exhibited is *circumstantial* but it is more than sufficient to support a conviction. Therefore, the State submits that there is no variance in the indictment and the proof because the evidence shows Sue Gregorcyk was threatened by a handgun." (Emphasis added.) [2]

In order to fully appreciate and understand the State's argument, we will rephrase it in more simple terminology: If the evidence shows that a deadly weapon was used or exhibited by someone toward another, but not the complainant, during the course of committing theft from the named complainant, then that is circumstantial evidence that the complainant was the functional equivalent of the person who was actually threatened through the use or exhibition of the deadly weapon, which occurred during the course of the commission of the offense of theft against the named complainant. Therefore, reasons the State, as appellant was the functional equivalent of the person with the deadly weapon, and as Mrs. Gregorcyk was the functional equivalent of the other victim, it matters not toward which victim the handgun was displayed. Because Mrs. Gregorcyk testified she was scared when she saw what she thought was the imprint of a handgun, even

---

2. The State cites, but does not discuss, *Farris v. State*, 496 S.W.2d 55 (Tex.Cr.App.1973), as its sole authority. *Farris*, however, merely stands for the proposition that if all of the State's evidence is direct evidence as to the facts de-

posed to but is indirect to the factum probandum of the alleged offense if a charge on circumstantial evidence is requested by the defendant it must be given.

though no handgun was ever used or exhibited toward her, the evidence is sufficient to establish that a deadly weapon was exhibited to Mrs. Gregorcyk and Mrs. Gregorcyk was threatened by imminent bodily injury. The logical extension of this argument, as the State does indeed argue, is that because the appellant did not request a charge on the law of circumstantial evidence, and further did not object to the final charge submitted, there is no error.

We totally disagree with the State's thesis.

It is true that if a defendant's guilt must be inferred from circumstances, then it is a case based upon circumstantial evidence. Cf. *Britton v. State*, 611 S.W.2d 421 (Tex. Cr.App.1981). It is also true that the offense of aggravated robbery, where it is alleged that the robbery became aggravated because of the use or exhibition of a deadly weapon, may be established by circumstantial evidence. E.g. *Britton*, id.

■ However, what the State has overlooked in its thesis and argument is the very simple fact that where a substantive crime, such as aggravated robbery, is alleged against an accused it is mandatory that the name of a complaining witness be alleged in the charging instrument. In *Ex parte Lewis*, 544 S.W.2d 430 (Tex.Cr.App. 1976), this Court stated: " . . . it is fundamental that the name of the complaining witness is a necessary requisite to a valid indictment or information." See Articles 21.02, 21.07 and 21.21, V.A.C.C.P. See also, 2 Teague and Helft, Texas Criminal Practice Guide 41–20. The State alleged in appellant's indictment that appellant committed the offense of aggravated robbery by using or exhibiting a deadly weapon, to-wit: a handgun, and did intentionally and knowingly threaten Mrs. Gregorcyk with imminent bodily injury.

Having made this allegation, it was incumbent upon the State to prove its allegation beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Compare, however, the aggravated rape statute, prior to its amendment by the past Legislature, see

V.T.C.A. Penal Code, Sec. 21.02(a)(1), (2); and see also *Blount v. State*, 542 S.W.2d 164 (Tex.Cr.App.1976); *Rogers v. State*, 575 S.W.2d 555 (Tex.Cr.App.1979); and *Rucker v. State*, 599 S.W.2d 581 (Tex.Cr.App.1980). (In each of those cases, the State alleged aggravated rape by threat of serious bodily injury, but the proof failed to establish a threat prior to the commission of the rape, *held*, the evidence was ruled insufficient to sustain each of the convictions for the offense of aggravated rape).

It is also true that a defendant need not display a deadly weapon to his victim in order for the State to establish a threat to do imminent bodily injury. Under our former robbery statute, see Art. 1408, V.A.P.C. (1925 Code), this Court has held that where an indictment alleged an assault, and further alleged that by said assault and by violence to the victim, the victim was put in fear of life and bodily injury, it was incumbent upon the State to prove those allegations. In *Easley v. State*, 82 Tex.Cr.R. 238, 199 S.W. 476 (1917), this Court stated:

. . . Under the indictment it was necessary to prove either the assault alleged, the violence charged, or that appellant obtained the property by putting the injured party in fear of life or bodily injury. The evidence fails to show an assault. Wharton's Crim.Law, Sec. 798; *Barnes v. State*, 44 Tex.Cr.R. 473, 72 S.W. 177. Nor was there violence proved. 34 Cyc. p. 1799. Appellant, as far as the evidence shows, made no demonstration or threat. He possessed no arms, so far as disclosed, but had in his hand a stick which was not described either as to its size, or its weight, or its length, or the material from which it was made, further than the statement that it was like a walking stick. The 'putting in fear' which is referred to in the statute must, to support a conviction of robbery, be sustained by evidence of acts or conduct or words or circumstances reasonably calculated to effect that result. Cyc. vol. 34, p. 1800, subd. 4; *Steward v. People*, 224 Ill. 434, 79 N.E. 637, from which we quote the following:

All the authorities agree that to constitute the crime of robbery there must be violence, or intimidation of such a character as that the injured party is 'put in fear.' The fear must be of such nature as in reason and common experience is likely to induce a person to part with his property against his will.' 24 Amer. & Eng. Encyc. of Law (2d Ed.) p. 999; *Davis v. Commonwealth* (Ky.) 54 S.W. 959.

See also *Horn v. State*, 89 Tex.Cr.R. 220, 230 S.W. 693 (1921); *Anderson v. State*, 153 Tex.Cr.R. 501, 221 S.W.2d 268 (1949); *Bartley v. State*, 151 Tex.Cr.R. 88, 205 S.W.2d 600 (1947).

We emphasize a point at this time, which the State has conveniently not stressed, and understandably so. The appellant was charged by indictment with committing the offense of aggravated robbery of Mrs. Gregorcyk. Appellant was not charged with committing the offense of aggravated robbery of Bob Ross.

Let us therefore revisit some of Mrs. Gregorcyk's testimony. Mrs. Gregorcyk testified that while in the process of "cash tendering" the thirty-five cents, appellant: "jerked [her from] behind [pushed her] down on a money order machine, straight backwards, and [she] screamed, and that is when his hand went down in [her] mouth, and that is when he told [her] to be quiet, he would kill [her], and went to knocking [her] around on the counter. . . . He pulled [her] straight down on this right here, which the money order machine sets right here, and he jerked [her] down across it, and [her] back hit the money order machine, and that is when [she] screamed, and his hand went off of [her] mouth, and dug up [her] mouth with his fingers." Additionally, Mrs. Gregorcyk testified that she did not observe any bulges in the pants pockets of the appellant. Mrs. Gregorcyk also testified that she did not know what the appellant's co-defendant was doing at the meat counter, and never saw a handgun displayed by the appellant's co-defendant, although she testified that she earlier had observed what appeared to be the outline of a gun on the pants of the co-defendant. As to the appellant, Mrs. Gregorcyk testified that she never saw the appellant with any type weapon, "at all," and that at no time was she in fear of imminent bodily injury by the use of a handgun.

Did the State prove what it alleged?

■ As noted, it is axiomatic that the State was bound by its allegations, as set out in the charging instrument, and had to prove them beyond a reasonable doubt. *Moore v. State*, 531 S.W.2d 140 (Tex.Cr. App.1976); *Easley v. State*, 167 Tex.Cr.R. 156, 319 S.W.2d 325 (1959). The State here alleged that appellant threatened Mrs. Gregorcyk by using and exhibiting a deadly weapon, a handgun. The State proved that she was threatened, and that a deadly weapon was used by a party to the offense, but did not prove that the threat of imminent bodily injury was in any way communicated to Mrs. Gregorcyk by the use or exhibition of a deadly weapon.[3] Mrs. Gregorcyk's knowledge that an associate of appellant may have had what appeared to be a pistol in his pants pocket, when that associate was not involved in the assault upon her, and was in fact in another part of the store at the time of the assault, is too attenuated to constitute the "use" or "exhibition" of the weapon in any threats conveyed to her by appellant.

However, our holding does not exculpate the appellant from the offense of robbery of Mrs. Gregorcyk, for the evidence is overwhelming, and in accordance with V.T.C.A. Penal Code, Sec. 29.02, to show that the appellant committed the offense of robbery of Mrs. Gregorcyk. Nor does this holding exculpate the appellant from the offense of aggravated robbery of Mr. Ross, for it is quite clear by the evidence that appellant

---

**3.** Cf. *Moore v. State*, supra, where the victim heard a pistol being cocked and its cylinder revolve after the defendant told an associate to keep his pistol on the victim. *Moore* stands for the proposition that the victim need not actually see the deadly weapon, but only needs to be aware that one is being used. Here, Mrs. Gregorcyk not only did not see a weapon but was unaware one was being used by appellant's co-defendant.

was a party with his co-defendant to the aggravated robbery of Mr. Ross. See V.T.C.A. Penal Code, Sec. 7.02. However, appellant was neither charged nor on trial, either individually or as a party, with committing an aggravated robbery of Mr. Ross. His victim was Mrs. Gregorcyk. This is what causes the State to meet its Waterloo in this cause.

The judgment of conviction is reversed and an acquittal[4] for this offense must be entered pursuant to the dictates of *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

However, we also hold that appellant may be retried for committing the offense of robbery of Mrs. Gregorcyk. See *Ex parte Harris*, 600 S.W.2d 791 (Tex.Cr.App. 1980).

The judgment is therefore reversed and the cause is remanded to the trial court for proceedings not inconsistent with our holdings.

DALLY, Judge, dissenting.

The appellant and another party robbed the complainant and another employee of the store. The other party exhibited a small caliber pistol. The other employee saw the pistol and the complainant saw the outline of the pistol in the other party's pocket. The appellant threatened the complainant with imminent bodily injury and in fact did injure her. Under the theory of parties, V.T.C.A. Penal Code, Sections 7.01 and 7.02, the appellant is guilty of aggravated robbery of the complainant as alleged.

There is no variance since "each party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice." V.T.C.A. Penal Code, Sec. 7.01(c); *Pitts v. State*, 569 S.W.2d 898 (Tex.Cr.App.1978). The judgment should be af-firmed. I therefore dissent to the reversal of the judgment.

---

4. We observe that the jury was charged, as to the lesser included offense of robbery, in these words: "If you have a reasonable doubt as to whether the defendant, NED TAYLOR, JR., either acting alone or with another as a party to the offense, used or exhibited a deadly weapon, to-wit: a handgun, you cannot convict the defendant of aggravated robbery. In that event you will next consider whether the defendant is guilty of robbery." This Court, unfortunately, is without statutory authority to do other than grant appellant a new trial, for it has no legal authority to assess punishment or reduce the punishment assessed by the jury. *Ocker v. State*, 477 S.W.2d 288 (Tex.Cr.App.1972).