**Arthur BANKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–83–00237–CR.**

Court of Appeals of Texas,
San Antonio.

April 30, 1984.

---

Fred R. Granberry, San Antonio, for appellant.

Sam Milsap, Jr., Miguel Rodriguez, Julie B. Pollock, Edward F. Shaughnessy, III, Asst. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and DIAL, JJ.

BUTTS, Justice.

This is an appeal from a conviction for aggravated robbery. TEX.PENAL CODE ANN. § 29.03(a)(2) (Vernon 1974). Following a plea of not guilty, the trial court, based upon stipulated evidence and the testimony of appellant, found appellant guilty and assessed punishment at ten years imprisonment.

In two grounds of error appellant argues there is insufficient evidence to establish certain elements of the offense as charged in the indictment. We affirm. The indictment, in pertinent part, states:

> ... on or about the 30TH day of DE-CEMBER, A.D., 1979, ARTHUR BANKS, ... did then and there *intentionally and knowingly threaten and place FRANCIS RIGG ... in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon,*

*namely: A KNIFE, THAT IN THE MANNER OF ITS USE AND INTENDED USE WAS CAPABLE OF CAUSING DEATH AND SERIOUS BODILY INJURY,* while the said defendant was in the course of committing theft of property, namely, ONE (1) PURSE, from said complainant, the owner of said property, without the effective consent of the said complainant, and said acts were committed by the said defendant with the intent then and there to obtain and maintain control of the said property; . . .

The emphasized portions represent the areas of challenged proof. The testimony of appellant and the stipulated evidence, TEX. CODE CRIM.PROC.ANN. art. 1.15 (Vernon 1977), reflect that the complaining witness Rigg and the other injured woman, Aileen Rahn, were tourists with their husbands in San Antonio, and the four had just finished dinner at a restaurant. The two women, walking well ahead of their husbands toward their hotel on the Riverwalk about 11:00 p.m., encountered appellant and his companion, a co-defendant in this case, as well as in another case wherein Rahn is the complaining witness. Appellant admitted he and his companion decided to accost the women and grab their purses, which they did, after inquiring the location of a street. Appellant stated he did not hit either woman but that his companion struck them both in the face with his fist. He said both women fell. He said he did not have a knife and that he did not know the co-defendant had a knife. The co-defendant's plea of guilty record, containing stipulated evidence and his judicial confession, was introduced before the trial court. The co-defendant entered his plea of guilty to using and exhibiting a knife in the companion Rigg case. From all the record it is clear that he had the knife, apparently a kitchen knife with a five inch blade. Mrs. Rahn lost one eye as the result of being attacked. Rigg was also treated at the hospital for injury to her head and face and particularly to her nose.

■ When reviewing the sufficiency of the evidence, we view it in the light most favorable to the court's judgment and will uphold the conviction only if a rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. *Wilson v. State,* 654 S.W.2d 465, 468 (Tex.Crim.App.1983). Appellant admits the simultaneous robbery of the two women was a jointly planned and executed venture. He, therefore, is criminally responsible for the conduct of his accomplice under the law of parties. *TEX. PENAL CODE ANN. § 7.02. Further, § 7.01(a) states:*

> A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, *or by both.* [Emphasis added.]

■ The elements of this offense are that 1) a person 2) in the course of committing theft 3) with intent to obtain or maintain control of property 4) intentionally or knowingly 5) threatens another with or places in fear of 6) imminent bodily injury or death and 7) uses or exhibits 8) a deadly weapon. *Bilbrey v. State,* 594 S.W.2d 754, 759 (Tex.Crim.App.1980). Appellant admits his or his co-defendant's conduct satisfied the first six elements. There are at least three references in the stipulated evidence to a knife being exhibited, and a five inch blade steak knife with a wood grain handle was found down the back of the accomplice. This satisfies the other two elements. Here the trial judge was the exclusive judge of the credibility of the witnesses, those presented through stipulations, and the appellant, *Debolt v. State,* 604 S.W.2d 164, 167 (Tex.Crim.App.1980). He could accept or reject any part or all of the testimony.

It was established by stipulated evidence that Rigg gave a description of the robbers, and the two were arrested little more than an hour later. Credit cards belonging to Rigg and Rahn, travelers checks, and cash were recovered. Appellant's fingerprint was discovered on a credit card in his possession at the time of arrest which belonged to Rahn.

Appellant stated he and the co-defendant came up behind the women, began grabbing their purses, the women resisted, and the co-defendant began beating them. This conforms with the stipulated evidence of San Antonio police officer J. Prokop, as set out in his report. Officer Prokop came upon the scene immediately after the robbery occurred.

The phrase "in the course of committing theft" in the robbery statute, TEX. PENAL CODE ANN. § 29.01(1) (Vernon 1974), means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft. *Watson v. State,* 605 S.W.2d 877, 883 (Tex.Crim.App.1979). Appellant and the co-defendant ran up behind the two women and scuffled with them to obtain their purses. The women were struck repeatedly about the head and face by appellant, the co-defendant, or both and left lying on the walk. We find the evidence sufficient to prove that appellant placed Rigg in fear of imminent bodily injury or death as alleged in the indictment.

We further find the evidence that the co-defendant had the knife, which was recovered from him by the officers, is sufficient to show a knife was used as a deadly weapon. Both women suffered injuries. The trial judge, as the trier of fact, could determine the appellant and his co-defendant acted in concert, as parties to the offense, from the moment they first saw the two women, planned their assault, carried it out, fled the scene, and divided the "merchandise," the term employed by appellant. TEX.PENAL CODE ANN. § 7.02(a)(2) (Vernon 1974).

We accordingly hold the evidence is sufficient to support the allegations of aggravated robbery in the indictment and overrule the grounds of error. The judgment is affirmed.

ESQUIVEL, Justice, dissenting.

I respectfully dissent.

The offense of aggravated robbery is alleged in the indictment. It is axiomatic that the State is bound by the allegations it states in the charging instrument, and must prove each allegation beyond a reasonable doubt. *Taylor v. State,* 637 S.W.2d 929, 930 (Tex.Crim.App.1982), and cases cited therein. After reviewing the proof in the light most favorable to the verdict, I can only conclude that there is a fatal variance between the allegations in the indictment and the evidence produced by the State. In my opinion, the State proved Mrs. Rigg was threatened and that a deadly weapon was used by appellant's co-defendant during the robbery of Mrs. Rahn, but did not prove that the threat of imminent bodily injury was in any way communicated to Mrs. Rigg by the use of the deadly weapon. Mrs. Rigg not only did not see a knife, but was unsure one was being used by appellant's co-defendant during the assault of her companion, Mrs. Rahn.

The evidence is overwhelming that appellant committed the offense of robbery of Mrs. Rigg. Therefore, the result I suggest would in no way exculpate the appellant.

I would set aside the judgment of conviction and would enter a judgment of reversal and an acquittal for this offense pursuant to the dictates of *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

I would further hold, however, that this appellant may be retried for committing the offense of robbery of Mrs. Rigg. Therefore, the judgment of conviction should be reversed and the cause remanded to the trial court for proceedings not inconsistent with this holding. *Cf. Taylor v. State,* 637 S.W.2d 929 (Tex.Crim.App.1982).