**Jock Demitri RICHARDSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–91–00521–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 2, 1992.

Opinion on Denial of Rehearing
Aug. 20, 1992.

Stanley C. Kirk, Houston, for appellant.

John B. Holmes, Jr., Julie Klibert, Joan Huffman, Houston, for appellee.

Before DUGGAN, COHEN and PRICE, JJ.

## OPINION

COHEN, Justice.

A jury convicted appellant of aggravated robbery, and assessed punishment of life imprisonment. We reverse.

The State presented evidence that appellant, his girlfriend, and the complainant were together in the complainant's car do-

ing errands on the day of the offense. The complainant drove, appellant's girlfriend was in the front seat, and appellant was in the back seat. When they arrived at an apartment complex, the complainant parked the car.

As appellant's girlfriend began to open the door to leave, she suddenly heard a shot. No threatening words or acts preceded the shot. She turned around and saw appellant holding a gun and the complainant bleeding from the head. Appellant then shot the complainant again. Appellant took the complainant's jewelry, pulled him from the car, and drove off in the car.

> The indictment charged that appellant: while in the course of committing theft of property owned by [complainant], and with intent to obtain and maintain control of the property, intentionally and knowingly threaten[ed] and place[d] [complainant], in fear of imminent bodily injury and death, and the [appellant] did use and exhibit a deadly weapon; to-wit a firearm.[1]

The jury was instructed that in order to convict appellant of aggravated robbery, it must find that he:

> intentionally or knowingly threaten[ed] or place[d] [complainant] in fear of imminent bodily injury or death, and the [appellant] did use or exhibit a deadly weapon; to-wit a firearm.

The jury convicted appellant of aggravated robbery "as charged in the indictment."

Appellant contends the evidence is insufficient because it does not show he threatened or placed the complainant in fear of imminent bodily injury or death.

The State was required to prove beyond a reasonable doubt that the complainant was threatened or placed in fear of imminent bodily injury or death. *See Taylor v. State*, 637 S.W.2d 929, 933 (Tex.Crim.App. [Panel Op.] 1982); *Vaughn v. State*, 634 S.W.2d 310, 312 (Tex.Crim.App. [Panel Op.] 1982) (offense of aggravated robbery may

---

1. *See* TEX.PENAL CODE ANN. § 29.02(a)(2) (Vernon 1989); TEX.PENAL CODE ANN. § 29.03(a)(2) (Vernon Supp.1992).

be committed by either threatening or by actually placing the complainant in fear of bodily injury). In reviewing the sufficiency of the evidence, the inquiry is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989). The sufficiency of the evidence is measured by the charge submitted to the jury. *Boozer v. State,* 717 S.W.2d 608, 610–11 (Tex.Crim.App.1984).

▪ When robbery is committed by threats of bodily injury or placing another in fear, that fear of imminent bodily injury must be such that it would induce a person to surrender property against his will. *See Devine v. State,* 786 S.W.2d 268, 270 (Tex.Crim.App.1989). Threats can be communicated by action, conduct, or words. *McGowan v. State,* 664 S.W.2d 355, 357 (Tex.Crim.App.1984).

▪ The *McGowan* court reversed an aggravated assault conviction under similar facts. 664 S.W.2d at 357–58. By unanimous vote en banc, the *McGowan* court held the evidence was insufficient to show the defendant used a knife to threaten the complainant because the complainant never saw the defendant holding a knife, nor did she testify that defendant threatened her with a knife.[2] Here, the evidence shows that before appellant shot the complainant from behind without warning, appellant did not display the gun and did not threaten the complainant with it. The evidence in this case of threats and placing in fear is no stronger than the evidence held insufficient in *McGowan.* No evidence shows the complainant was threatened or placed in fear of imminent bodily injury or death.

The State relies on *Davis v. State,* 796 S.W.2d 813 (Tex.App.—Dallas 1990, pet. ref'd). However, the complainant in *Davis* testified at trial that the defendant placed her in fear of imminent bodily injury. *Id.* at 816–17. There is no such evidence here.

▪ The State proved that appellant committed aggravated robbery by 1) causing serious bodily injury, and 2) by using a deadly weapon and causing bodily injury; however, no such allegation was alleged in the indictment or submitted to the jury. *See* TEX.PENAL CODE ANN. § 29.02(a)(1), (2), (Vernon 1989), §§ 29.03(a)(1) & (2) (Vernon Supp.1992). Consequently, the law does not allow us to affirm the judgment on that basis, and the State does not argue for affirmance on that basis. The law is clear that the sufficiency of the evidence must be measured only against the charge submitted to the jury. *Boozer v. State,* 717 S.W.2d at 610–11.

Appellant's points of error one through three are sustained.

We reverse the trial court's judgment and render judgment of acquittal.

### OPINION ON STATE'S MOTION FOR REHEARING

The State contends that a threat can be inferred from the fact that appellant shot the complainant a second time. The State argues that this suggests the complainant was still alive after the first shot, and if alive, he would certainly have felt threatened and placed in fear as a result of having been shot.

The evidence did not show which shot caused the complainant's death, but it is undisputed that appellant fired the first shot into the complainant's head at point-blank range. The State's argument requires us to assume, without evidence, that the victim survived the first shot, and in addition, was still conscious enough to perceive the threat. The law does not allow us to stack one inference upon another in order to find the evidence sufficient. Threats can be communicated by conduct, but only if the victim perceives the threatening conduct. We find no evidence that the victim did so.

The motion for rehearing is overruled.

---

**2.** The complainant testified that the defendant threatened her with imminent bodily injury, but not that he used a knife to do so, as the indictment alleged. 664 S.W.2d at 357.