DISSENTING OPINION


No. 04-00-00340-CR


James GUEVARA,

Appellant 


v.


The STATE of Texas,

Appellee


From the 226th Judicial District Court, Bexar County, Texas

Trial Court No. 99-CR-1818B

Honorable Sid L. Harle, Judge Presiding


Opinion by: Karen Angelini, Justice

Dissenting opinion by: Catherine Stone, Justice (joined by Alma L. López, Chief Justice)


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Phil Hardberger, Chief Justice (retired) (1)


Delivered and Filed: January 31, 2003


 I agree that the error in the jury charge was harmful. However, I respectfully dissent from
the majority's opinion that the evidence was legally and factually sufficient to support the conviction.
James Guevara was not indicted for being "invincibly ignorant of the science of firearms and toolmark
experts." He was indicted for the murder of his wife. Because the State failed to prove the elements
of the offense, the judgment of the trial court should be reversed.

 Guevara claims the evidence is legally insufficient to support his conviction, either as a
principal or as a party. I agree. Despite an indictment charging Guevara as a principal, it is
undisputed that Guevara was golfing with a friend at the time of his wife's murder. Under this
record, no rational trier of fact could have found Guevara guilty as a principal actor. Accordingly,
the State proceeded at trial under the theory that Guevara was guilty as a party to the murder. See
Jackson v. Virginia, 443 U.S. 307, 319 (1979).

 When conducting a legal sufficiency review, a vital fact may not be established by stacking
inference upon inference. See Richardson v. State, 834 S.W.2d 535, 537 (Tex. App.--Houston [1st
Dist.] 1992, pet. ref'd) (op. on reh'g). As applied in the instant case, Guevara's intent to aid or assist
Minnie Salinas in committing the murder of his wife is a vital fact that cannot be established by
stacking inferences. To prove Guevara's guilt as a party, the State had to demonstrate that he
intentionally aided or assisted Salinas in committing his wife's murder. The State attempted to do
this by arguing that because nine millimeter bullets and casings were found at the crime scene and in
Guevara's car, and because the casing recovered at the crime scene was fired from the same gun as
two casings found in Guevara's car, Guevara did in fact own a nine millimeter gun, and further, that
this never-recovered gun was in fact the murder weapon. The jury next had to infer that the nine
millimeter gun in question was given by Guevara to Salinas for her to use in committing the murder.
Finally, the jury had to infer that Guevara's golf game was staged because he knew that Salinas
intended to shoot his wife that morning. This is a classic case of inference stacking and it cannot
support a conviction.

 Likewise, Guevara cannot be held responsible under any "legal duty" theory. Under the Penal
Code, a person is criminally responsible for the conduct of another if, "having a legal duty to prevent
commission of the offense and acting with intent to promote or assist its commission, he fails to make
a reasonable effort to prevent its commission." Tex. Penal Code Ann. § 7.02(a)(3) (Vernon 1994).
The parties here argue about whether a spouse has a legal duty to prevent the assault or murder of
the other spouse, but that issue need not be addressed. The critical issue is whether Guevara knew
in advance of Salinas' plan to murder his wife. There is no evidence of such knowledge; accordingly,
Guevara cannot be held to have a legal duty to prevent the commission of an offense about which he
knew nothing.

 Because the evidence is legally insufficient to support the conviction either as a principal or
as a party, the judgment should be reversed and a judgment of acquittal rendered. 


 Catherine Stone, Justice

PUBLISH
1. Retired Chief Justice Hardberger not participating.