Opinion issued November 17, 2005


















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-01137-CR
__________
 
SAMUEL ROY JACKSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 913043
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Samuel Roy Jackson, guilty of the offense of
aggravated robbery


 and assessed punishment at confinement for thirty-five years. 
In two points of error, appellant contends that the evidence was legally and factually
insufficient to support his conviction. We affirm.
Facts
          Larry Seitzler, the complainant, testified that on the night of May 23, 2002, he
was at his real estate business office and heard a loud explosion coming from another
room of his business. He picked up his pistol, and walked toward the front of the
business. When he entered the front office area, he saw appellant kneeling near a
computer. It appeared that appellant, who had a knife in his hand, had pushed the
computer over and was attempting to cut the cords on the back of the computer. The
complainant yelled loudly at the appellant “to stop and get on the ground.” Appellant
looked at the complainant and started to stand up. The complainant again told
appellant to get on the ground. Despite the complainant’s demands, appellant stood
up, turned around, and faced the complainant. Appellant, who was still holding the
knife, raised the knife above his waist in a “threatening manner.” The complainant
stated that he and appellant “were literally face to face.” The complainant further
stated that he felt threatened, and that, due to appellant’s conduct, he thought
appellant had decided not to leave the building. The complainant noted that appellant
could have run, but instead stared at him with a knife in his hand. The complainant
testified that he was within ten feet of appellant, and that he knew from experience
that an individual holding a knife within such a range “is as deadly as someone with
a gun.” The complainant felt that the situation was “dangerous,” that his “safety was
on the line,” and that he was about to be stabbed with a knife. The complainant fired
two shots at appellant, and appellant dropped the knife and dove out the front door
of the complainant’s office. The complainant followed appellant and pushed open
the front door, which was partially blocked by a car. Feeling trapped between the car
and the door, the complainant fired one shot into the trunk of the car, and the
complainant heard appellant state “he got me.” The complainant then called for
emergency assistance. Later the following morning, police officers apprehended
appellant at another location and brought the complainant to where appellant had
been apprehended. The complainant identified appellant as the man who had robbed
him. On cross-examination, the complainant conceded that, after standing up with
the knife, appellant did not advance toward him, did not lunge at him, did not say
anything to him, and did not throw the knife at him. However, the complainant stated
that appellant behaved in an “aggressive manner.” 
          Houston Police Officer Mohammed Kahn testified that he responded to the call
for emergency assistance from the complainant’s business. When he arrived, he
noticed that the door of the complainant’s business had been broken. He met with the
complainant, who provided a description of a suspect, and he recovered a knife from
the complainant’s business. The knife was described as an “eight-inch knife with a
black handle.” Kahn then transferred the complainant to a second location, where the
complainant identified the appellant, who had been apprehended by other police
officers, as the man who had robbed him. 
          Houston Police Officer Andres Miller testified that he was working an
approved extra-job when he observed a man who was walking with a limp and had
possible blood stains on his clothing. Miller notified a police dispatcher, and other
officers arrived. The officers obtained medical attention for the man, who was later
determined to be appellant. Officer Kahn then arrived at the scene with the
complainant, and the complainant immediately identified appellant as the man who
had robbed him.
          Appellant testified that he and his fiancee stopped their car outside the
complainant’s business to use the bathroom, that he threw a beer bottle at a window
of the complainant’s business, and that the window broke. He then saw the
complainant looking at him. Appellant denied that he entered the complainant’s
business and denied that the complainant ever told him to get down on the ground. 
Appellant stated that the complainant raised a gun and pointed it at him, that he
turned away from the complainant, and that the complainant shot him. Appellant also
denied that he had any weapon, denied ever having seen the knife that was introduced
into evidence by the State, and denied throwing a piece of concrete through the
complainant’s window. Appellant left the scene on foot, was later apprehended by
police officers, and was transported to the hospital to receive medical attention. 
Legal and Factual Sufficiency
          In his first point of error, appellant argues that the evidence is legally
insufficient to support his conviction because the State’s evidence showed that
“although appellant was holding a knife, he did nothing with it that would constitute
threatening imminent bodily injury or death to the complainant.” Appellant asserts
that the evidence indicates that he was unaware that anyone was in the building, that
the complainant was merely speculating as to appellant’s intent, and that appellant
never said anything to the complainant. Appellant further asserts that he did not
advance or lunge toward the complainant or throw the knife at the complainant. 
          In his second point of error, appellant argues that the evidence is factually
insufficient to support his conviction because “the evidence of appellant threatening
the complainant with imminent bodily injury or death with a deadly weapon was so
weak that the jury’s finding on that element was clearly wrong or manifestly unjust.” 
He asserts that “the evidence is factually insufficient for basically the same reasons”
that the evidence is legally insufficient. 
          We review a challenge to the legal sufficiency of the evidence by viewing the
evidence in the light most favorable to the verdict to determine if any rational fact
finder could have found the essential elements of the offense beyond a reasonable
doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). In a legal
sufficiency review, we may not substitute our own judgment for that of the fact
finder. Id. We review a challenge to the factual sufficiency of the evidence by
examining all of the evidence neutrally, not in the light most favorable to the verdict,
and we will set aside the verdict “only if the evidence is so weak that the verdict is
clearly wrong or manifestly unjust, or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met.” Escamilla
v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004); see also Johnson v. State, 23
S.W.3d 1, 6–7 (Tex. Crim. App. 2000). Although our analysis considers all the
evidence presented at trial, the trier of fact is the exclusive judge of the facts, the
credibility of the witnesses, and the weight to be given to their testimony. Sharp v.
State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). Unless the record clearly reveals
that a different result is appropriate, we must defer to the jury’s determination
concerning what weight to give contradictory testimonial evidence because the jurors
were in attendance when the testimony was delivered. Johnson, 23 S.W.3d at 8.
          A person commits the offense of aggravated robbery if he (1) in the course of
committing theft, (2) with the intent to obtain and maintain control of property, (3)
knowingly and intentionally, (4) threatens or places another in fear of imminent
bodily injury or death, and (5) uses or exhibits a deadly weapon. Tex. Pen. Code
Ann. § 29.03(a)(3) (Vernon 2005). 
          Here, the complainant testified that, after hearing a disturbance, he walked to
the front office of his business and found appellant kneeling down near his computer. 
It appeared that appellant was attempting to cut the computer cords with a knife. The
complainant twice told appellant to get on the ground, but, despite his instructions,
appellant stood up, turned around, faced the complainant, and raised a knife above
his waist. The record established that the knife, which was introduced into evidence,
was an “eight-inch knife with a black handle.” 
          While appellant did not advance or lunge toward the complainant, did not say
anything to the complainant, and did not throw the knife at the complainant, the
complainant stated that he and appellant “were literally face to face,” and that the
appellant raised the knife in a threatening manner. The complainant further stated
that he felt threatened because, in his opinion, the appellant could have run out of the
building, but instead decided to stay in the building and stand up and face the
complainant. The complainant also testified that he was within ten feet of appellant,
and that he knew from experience that the situation was “dangerous,” that his “safety
was on the line,” and that he thought he was about to be stabbed with a knife. 
Finally, the complainant stated that appellant raised the knife above his waist and had
behaved in an “aggressive manner.” 
          We recognize that appellant denied that he entered the complainant’s business
and that he was holding any weapon. However, the jury, as the trier of fact, was the
sole judge of appellant’s credibility and was free to accept or to reject all or part of
appellant’s testimony. Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).
Furthermore, it is well established that the testimony of a single eyewitness is
sufficient to support a conviction. Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim.
App. 1982).
          Appellant cites Richardson v. State, 834 S.W.2d 535 (Tex. App.—Houston [1st
Dist.] 1992, pet. ref’d) and Ward v. State, 48 S.W.3d 383 (Tex. App.—Waco 2001,
pet. ref’d), in support of his sufficiency challenges. However, in Richardson, there
was no testimony that the complainant was placed in fear of imminent bodily injury. 
834 S.W.2d at 537. Here, the complainant testified that he felt he was about to be
stabbed and that he felt threatened by the appellant. In Ward, the defendant produced
the testimony of his fellow employees, who stated that the defendant was at work on
the day of the robbery of which the defendant was accused, and the employees’
testimony was corroborated by the defendant’s time cards. 48 S.W.3d at 390–91. 
Here, the only testimony contradicting the complainant’s testimony was that of
appellant.
          The complainant’s testimony provides direct evidence that he was threatened
and was placed in fear of imminent bodily injury by appellant during the robbery. 
Additionally, a “factfinder may conclude that an individual perceived fear or was
‘placed in fear,’ in circumstances where no actual threats were conveyed by the
accused.” Williams v. State, 827 S.W.2d 614, 616 (Tex. App.—Houston [1st Dist.]
1992, pet. ref’d); see also Wilmeth v. State, 808 S.W.2d 703, 706 (Tex. App.—Tyler
1991, no pet.) (holding that complainant was in fear of imminent bodily injury based
on evidence that defendant clenched his fists and gave menacing facial reaction). 
While the fear may not arise merely from some temperamental timidity and instead
must arise from the conduct of the accused, see Devine v. State, 786 S.W.2d 268, 271
(Tex. Crim. App. 1989), it is sufficient if the fear is of a nature that, in reason and
common experience, is likely to induce a person to part with property against his will. 
Green v. State, 567 S.W.2d 211, 213 (Tex. Crim. App. 1978). 
          Considering this evidence, a rational fact finder could have found, beyond a
reasonable doubt, that appellant knowingly and intentionally threatened or placed the
complainant in fear of imminent bodily injury or death and used or exhibited a deadly
weapon, thus committing the offense of aggravated robbery. Accordingly, we hold
that the evidence was legally sufficient to support appellant’s conviction.
Additionally, viewing all of the evidence neutrally, we conclude that the evidence
was not so weak that the verdict was clearly wrong or manifestly unjust and that the
contrary evidence was not so strong that the standard of proof beyond a reasonable
doubt could not have been met. Accordingly, we hold that the evidence was factually
sufficient to support appellant’s conviction.            
           We overrule appellant’s first and second points of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Nuchia, Jennings, and Higley.
 
Do not publish. Tex. R. App. P. 47.2(b).